159 So.2d 236 (1963)
HART PROPERTIES, INC., a Florida corporation, Petitioner,
v.
John SLACK, a minor, by and through his mother and next friend, Estelle Slack, and Estelle Slack, Individually, Respondents.
No. 32281.
Supreme Court of Florida.
November 6, 1963.
Rehearing Denied January 20, 1964.
*237 Papy & Carruthers and Lee E. Weissenborn, Miami, for petitioner.
J. Ben Watkins of Truett & Watkins, Tallahassee, for respondents.
O'CONNELL, Justice.
The petitioner, Hart Properties, Inc., defendant in the trial court, seeks review by certiorari of that decision of the District Court of Appeal, Third District, reported in 145 So.2d 285. Petitioner contends that said decision is in conflict with the decision of this Court in Connolly v. Sebeco, Inc., Fla. 1956, 89 So.2d 482, and the decision of the District Court of Appeal, Second District, *238 in Atkins v. Humes, Fla.App., 1958, 107 So.2d 253.
As reflected in the opinion under attack the plaintiff Slack sued the defendant Hart Properties, Inc., for negligence. In his amended complaint Slack alleged that he was on defendant's property as a licensee. In its answer defendant admitted this allegation.
Defendant Hart Properties, Inc., then moved for summary judgment which was denied by the trial court. Just prior to trial plaintiff moved to amend his complaint. This motion was not immediately ruled upon, but during the course of the trial plaintiff was allowed to amend his complaint to allege in the alternative that he was a licensee or invitee at the time of his injury. Plaintiff won a verdict and defendant appealed to the district court.
In its opinion, at page 286 of 145 So.2d, the district court stated that plaintiff's complaint alleged that he was a licensee, that this allegation was admitted by the answer, and that the condition causing plaintiff's injury was shown by the exhibits to be open and obvious.
Nevertheless, the district court held that the trial court's refusal to grant summary judgment was not error. This holding was apparently based on the theory that the facts offered on motion for summary judgment created an issue as to whether plaintiff was in fact a licensee or enjoyed a more favored status in the eyes of the law.
That the district court proceeded on this theory is obvious for it said:
"Even though plaintiff had described his status as licensee, upon motion for summary judgment the issues are made by the pleadings, the depositions and admissions on file. Where the facts show an issue not framed in the pleadings, the trial judge will not be reversed for [failure] to grant a summary judgment * * *." (Emphasis added.)
Petitioner-defendant contends that this quoted excerpt is in direct conflict with the following statement in the Connolly case:
"The purpose of a motion for summary judgment is to determine if there be sufficient evidence to justify a trial upon the issues made by the pleadings." (Emphasis added.) 89 So.2d 482, 484.
Petitioner also asserts that the above quoted statement in the instant decision of the district court is in conflict with a statement in Atkins v. Humes, supra. However, since Atkins was reversed by this Court in an opinion reported at Fla., 110 So.2d 663, 665, 81 A.L.R.2d 590 we will not consider that case in our discussions here.
The petitioner is correct. There is conflict between the Connolly decision and the one under review.
The Connolly case holds first, that the issues in a cause are made by the pleadings, and second, that the function of a motion for summary judgment is to determine whether there is sufficient evidential conflict on the operational issues made by the pleadings alone to require a trial to determine which party shall prevail.
On the other hand the opinion under attack holds first, that on such a motion the operational issues in a cause are not made by the pleadings alone, but rather by the pleadings, admissions and depositions on file, and second, that the function of a motion for summary judgment is to determine whether there is sufficient evidential conflict on the issues made by the pleadings, depositions and admissions on file to require a trial to determine which party shall prevail.
In addition it is obvious that the district court's opinion conflicts with the well settled rule that "* * * partieslitigant are bound by the allegations of their pleadings and that admissions contained in the pleadings as between the parties *239 themselves are accepted as facts without the necessity of supporting evidence." Carvell v. Kinsey, Fla. 1956, 87 So.2d 577, and like cases. Here the plaintiff alleged and defendant admitted that plaintiff was a licensee. Plaintiff was bound thereby. Therefore, the facts adduced in support of the motion could not create an issue on this point for it was already settled.
The point for decision is whether the operative issues in a cause, as distinguished from evidential issues, are made solely by the pleadings or conjunctively by the pleadings, depositions and admissions on file.
We hold again that issues in a cause are made solely by the pleadings and that the function of a motion for summary judgment is merely to determine if the respective parties can produce sufficient evidence in support of the operative issues made in the pleadings to require a trial to determine who shall prevail.
"Pleadings are the allegations made by the parties to a suit for the purpose of presenting the issue to be tried and determined. They are the formal statements by the parties of the operative, as distinguished from the evidential, facts on which their claim or defense is based." 25 Fla.Jur., Pleadings, § 2.
The science of pleading is considerably less exacting and much simpler than in the days when Professor Crandall taught the intricacies of Stephen's Rules of Pleading. Nevertheless, pleadings under present rules are intended to serve the same purpose. This purpose is to "* * * present, define and narrow the issues, and to form the foundation of, and to limit, the proof to be submitted on the trial." 71 C.J.S. Pleading § 1. The objective sought in the present rules is to reach issues of law and fact in one affirmative and one defensive pleading. F.R.C.P. 1.7 and 1.8, 30 F.S.A.
This purpose will not be served nor this objective achieved if operative issues, as distinguished from evidential issues, are allowed to be created outside the pleadings in depositions, admissions, affidavits, and the like, which may be filed in a cause. If this were allowed neither the parties nor the court would be able to say with certainty what the triable issues in a cause are.
In White v. Fletcher, Fla. 1956, 90 So.2d 129, we rejected the contention that a motion for summary judgment was a pleading directed to the issues in a cause, and in doing so we expressed the view that the triable issues in a cause are made by the pleadings, saying:
"A motion for summary judgment necessarily proceeds upon the theory that the legal issues are fully settled by the pleadings, and there exists no genuine dispute as to a material fact."
Under existing rules the only instance in which legal issues not raised in the pleadings may be tried and decided is where the issue, although not pled, is tried by consent of the parties. F.R.C.P. 1.15 (b). This exception is not pertinent here for the critical issue of plaintiff's status was raised and settled in the complaint and answer.
In its opinion the district court stated that a trial judge would not be reversed for refusing to grant a summary judgment "[w]here the facts show an issue not framed in the pleadings * * *." The issue referred to was obviously whether the plaintiff occupied the position of licensee, as he had alleged he did, or occupied a higher status.
We repeat again that plaintiff's status, having been settled by the pleadings, was not a material fact which could be the subject of a genuine issue as contemplated by F.R.C.P. 1.36.
*240 It might well be that the evidence offered in support or opposition to the motion revealed that plaintiff had misstated his position and the ends of justice would require that he be allowed to amend his complaint. Nevertheless, defendant was entitled to have his motion for summary judgment decided on the pleadings as they stood at the time of the hearing. On the basis of the facts stated in the district court's opinion, without the necessity of referring to the record, it is apparent that defendant's motion should have been granted.
In circumstances such as this where a summary judgment should be entered, yet the matters presented indicate that the unsuccessful party may have a cause of action or defense not pleaded, or a better one than that pleaded, the proper procedure is to enter the summary judgment with leave to the party to amend as was authorized in Roberts v. Braynon, Fla. 1956, 90 So.2d 623.
In the instant case the trial court committed error in refusing to grant the summary judgment.
However, this decision does not require that the final judgment of the trial court be reversed. The error of the trial court was subsequently cured by an amendment to plaintiff's complaint made during the trial.
The defendant ultimately received a trial on issues in the pleadings so the error must now be held to be harmless.
The district court ruled that the trial judge properly allowed the plaintiff to amend his complaint at the trial and the petitioner-defendant does not here contend that the holding on this point was erroneous.
For the reasons above expressed the decision of the district court is hereby quashed and this cause is remanded for the entry of a decision in conformity herewith.
It is so ordered.
DREW, C.J., and TERRELL, THOMAS, ROBERTS, THORNAL and CALDWELL, JJ., concur.