167 So.2d 254 (1964)
Carl V. WISNER, Jr., and Jane F. Wisner, his wife, Appellants,
v.
GOODYEAR TIRE & RUBBER CO., Appellee.
No. 4366.
District Court of Appeal of Florida. Second District.
September 9, 1964.
Jack P. La Marr and Carl V. Wisner, Jr., Ft. Lauderdale, for appellants.
John J. Byrne, of Feibelman, Friedman, Hyman & Britton, Ft. Lauderdale, for appellee.
ANDREWS, Judge.
This is an appeal from an order granting Goodyear Tire & Rubber Co. a summary final judgment in an action brought against it and others by the plaintiffs, Carl V. Wisner, Jr. and Jane F. Wisner, his wife.
In 1955 the plaintiffs installed an underground sprinkling system for their lawn. They employed defendants Little and McCarron to perform the installation. During negotiations with Little and McCarron the merits of plastic lines manufactured by the defendant Goodyear Tire and Rubber Co., and distributed by Little and McCarron were discussed. The plaintiffs, relying upon literature distributed by defendant Goodyear, and statements made by Little and McCarron that the Goodyear product was just as good as, if not better than, galvanized iron pipe, used the defendant's product in his system. There are indications that a *255 savings in cost would be realized because of the case of installing defendant's product. The plaintiffs also claim they relied on the "trade name, Goodyear Tire and Rubber Company." No written warranty was isued by the defendant to the plaintiffs.
In April of 1961 fissures developed in the lines and holes began to appear in the plaintiffs' lawn. The plaintiffs admitted that the defendant's pipe functioned satisfactorily for a period of six years. Attempts were made to correct the defects but they proved unsuccessful, and in January of 1963, the plaintiffs had to replace the system with a new one.
The plaintiffs brought this action to recover from the defendants, Goodyear Tire and Rubber Co. and Little and McCarron, expenses they incurred in repairing the old system, and also the cost of installing the new one. The trial court granted a summary judgment for the defendant, Goodyear Tire and Rubber Co., and the plaintiffs brought this appeal.
The plaintiffs claim that the company is liable for breach of an implied warranty in that it delivered a faulty product, and that whether or not the same was reasonably fit for its intended use is a question of fact, and not of law, to be determined by the trial of the cause.
The defendant, on the other hand, contends that it is not obligated to manufacture pipe which will equal the performance of any other particular pipe or will last for any specific length of time, but is only required to provide pipe which is reasonably fit for its intended use. Defendant also asserts that any representations made by the defendants, Little and McCarron, are not binding on Goodyear as they were not its agents.
In broad terms, the question before us is whether the trial judge was correct in ruling that there was no genuine issue of material fact with regard to the liability of the defendant Goodyear, and that said defendant was entitled to a judgment as a matter of law.
An implied warranty of fitness does not extend beyond the obligation to supply an article reasonably fit for the purpose intended, and does not impose a duty to furnish the best article of its kind or an article equal to any other similar or competing article. 46 Am.Jur. Sales § 350 (1943). The only obligation imposed upon Goodyear Tire and Rubber Company in the instant case was to provide pipe which is reasonably fit for use in residential lawn sprinkling systems.
Even though the basic facts are apparently uncontradicted, it does not necessarily follow that there is no genuine issue of material fact for determination. Uncontradicted facts are susceptible of conflicting factual inferences. Town of Mount Dora v. Bryant, Fla.App. 1961, 128 So.2d 4. The fact that the plastic tubing functioned properly for a period of six years indicates that the product was reasonably fit for its intended use. However, that fact in and of itself does not foreclose liability as a matter of law, but is a fact to be considered in the determination of whether the plastic tubing was, in fact, reasonably fit for its intended use. King v. Douglas Aircraft Co., Fla. App. 1963, 159 So.2d 108. Because the tubing was to be buried underground and was of a permanent nature, the finding could be that it should have lasted for a longer period of time than it actually did, and was, therefore, not fit for its intended use.
We, therefore, hold that the trial judge erred in granting the defendant, Goodyear Tire and Rubber Company, a summary judgment and that the cause should go to trial on the issues.
We have not considered nor do we decide whether the plaintiffs can successfully bring an action for breach of implied warranty against Goodyear in the absence of a showing that privity existed. That issue was not ruled on by the lower court, nor *256 was it raised or briefed by the parties on appeal.
Accordingly, the summary final judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Reversed.
SMITH, C.J., and KELLY, CLIFTON M., Associate Judge, concur.