HENDRY, Judge.
This is an appeal by the plaintiff below, Francis J. Janko, from an order dismissing with prejudice plaintiffs original complaint against the City of Hialeah. Janko, on behalf of himself and all others similarly situated, sought to invalidate the rezoning of certain property located near or adjacent to property owned by Janko and the members of the class. The chancellor entered the following order:
“THIS CAUSE having come on to be heard on Thursday, March 28th, 1968, upon defendant’s motion to dismiss the complaint heretofore filed in this cause, and after hearing argument of counsel for the respective parties hereto, and being otherwise advised in the premises, the Court finds that plaintiff has failed to allege special damages peculiar to himself different in kind from that suffered by the community as a whole, and that plaintiff’s complaint is not amendable to show such special damages, it is, therefore,
Ordered, Adjudged And Decreed, that plaintiff’s complaint be and the same is hereby dismissed with prejudice * * *»
The order then cites as authority the cases of Boucher v. Novotny, Fla.1958, 102 So.2d 132, and S. A. Lynch Investment Corporation v. City of Miami, Fla.App.1963, 151 So.2d 858, which cases, we agree, require that plaintiff allege special damages. The chancellor was correct in dismissing the complaint.
However, we are of the opinion that plaintiff should have been given the opportunity to amend. The court in Petterson v. Concrete Construction, Inc., Fla.App. 1967, 202 So.2d 191, states at page 197:
“This court is committed to the view that leave to amend should be freely given * * *.
“Granting leave to amend rests in the sound discretion of the trial court but *801 doubts should be resolved in favor of allowing amendment unless and until it appears that the privilege to amend has been abused. [Citations omitted.] This is true even though the trial judge is of the opinion that the proffered amendments will not result in the statement of a cause of action. Slavin v. McCann Plumbing Co., Fla.1954, 73 So.2d 902; Town of Coreytown v. State ex rel. Ervin, Fla.1952, 60 So.2d 482, 487, and cases therein cited.”
See also: Richards v. West, Fla.App.1959, 110 So.2d 698; Rule 1.190, Florida Rules of Civil Procedure, 30 F.S.A.
Therefore, on the basis of the foregoing, the order of the lower court dismissing appellant’s complaint is affirmed, but that portion of the order denying appellant leave to amend is reversed.
Affirmed in part, reversed in part.