PER CURIAM.
Plaintiff, individually and as adminis-tratrix of her deceased son’s estate, appeals entry of final judgment after summary judgments for defendants, REW Crane Service, Inc., and Gold Coast Crane Service, Inc. We reverse.
The complexities of this action as revealed by the record demonstrate that *178 plaintiff should have been afforded an opportunity to amend her complaint.
Where entry of summary judgment for a defendant is proper, nevertheless, if the record establishes that the plaintiff may have a viable claim if properly pleaded then opportunity should be afforded to amend the complaint. Such authorization may even be included in the order granting summary judgment. Hart Properties, Inc. v. Slack, Fla.1963, 159 So.2d 236; Roberts v. Braynon, Fla.1956, 90 So.2d 623; Stephens v. Dichtenmueller, Fla.1968, 216 So.2d 448; Housing Auth. of City of Melbourne v. Richardson, Fla.App.1967, 196 So.2d 489; Fouts v. Margules, Fla.App.1957, 98 So.2d 394.
In the instant case, plaintiff is entitled to the benefit of this rule
Accordingly, this cause is reversed and remanded for proceedings consistent herewith.
CROSS, C. J., and McCAIN, J., concur.
OWEN, J., concurs specially, with opinion.