257 So.2d 249 (1971)
GOLD COAST CRANE SERVICE, INC., Petitioner,
v.
Audrey K. WATIER, Individually and As Administratrix of the Estate of Earl James Watier, Deceased, Respondent.
REW CRANE SERVICE, INC., Petitioner,
v.
Audrey K. WATIER, Individually and As Administratrix of the Estate of Earl James Watier, Deceased, Respondent.
Nos. 40484, 40483.
Supreme Court of Florida.
July 7, 1971.
As Clarified on Denial of Rehearing July 28, 1971.
Reed A. Bryan, III, of McCune, Hiaasen, Crum, Ferris & Gardner, Fort Lauderdale, for Gold Coast Crane Service, Inc.
James E. Tribble, of Blackwell, Walker & Gray, Miami, for Rew Crane Service, Inc.
William S. Frates and Gerald F. Richman, of Frates, Floyd, Pearson & Stewart, Miami, for respondent.
DEKLE, Justice.
This matter is before us on petitions for writ of certiorari to the District Court of Appeal, Fourth District, to review its opinion in Watier v. Rew Crane Service, Inc. and Gold Coast Crane Service, Inc., 240 So.2d 177 (1970). Petitioners, defendants in the trial court, seek reversal of the decision *250 of the district court which reversed the summary judgment entered by the trial court in their favor. Conflict is alleged with Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963), as a basis for jurisdiction here under Fla. Const. art. V, § 4, F.S.A.
Plaintiff's son, an employee of the general contractor on a construction job, was killed when a boom cable on a crane broke and the boom fell, striking the employee. The crane was being operated by an employee of Defendant Gold Coast Crane Service, Inc. There was a helper, or flagman, also an employee of Gold Coast, directing the movements of the crane. The general contractor, in order to facilitate the pouring of concrete, had rented the crane from Gold Coast, together with this crane operator and helper. The crane was owned by Rew. At the time of the accident, the general contractor was covered by workmen's compensation insurance. Defendants asserted as a defense Fla. Stat. § 440.11, F.S.A., as exclusive remedy. The trial court entered summary judgment for both defendants on the authority of Smith v. Poston Equipment Rentals, Inc., 105 So.2d 578 (3d DCA Fla. 1958). The district court reversed, holding:
"The complexities of this action as revealed by the record demonstrate that plaintiff should have been afforded an opportunity to amend her complaint.
"Where entry of a summary judgment for a defendant is proper, nevertheless, if the record establishes that the plaintiff may have a viable claim if properly pleaded then opportunity should be afforded to amend the complaint. Such authorization may even be included in the order granting summary judgment. [Citations omitted]
"In the instant case, plaintiff is entitled to the benefit of this rule."
Defendants contend that since plaintiff did not assign as error the failure of the trial court to allow an amendment, this issue was not preserved for appeal. Appellate Rule 3.5(c), 32 F.S.A., states that the assignments of error shall designate the "identified judicial act" complained of. In the present case, designating the summary judgment as the judicial act complained of was a sufficient assignment of error to comply with the rule.
Defendants next contend that it was error for the district court to reverse the entry of this summary judgment for the reason that it did not provide leave to amend, pointing out that no motion for leave to amend had been filed. Florida Rule of Civil Procedure 1.190, 30 F.S.A., provides for amendments "at any time in furtherance of justice," and "even after judgment." It is the policy of our rules that amendments to pleadings be liberally allowed in the interest of justice, so that the merits of the case may be reached for adjudication whenever possible. See Conklin v. Smith, 191 So.2d 311 (1st DCA Fla. 1966); Janko v. City of Hialeah, 212 So.2d 800 (3d DCA Fla. 1968).
In Roberts v. Braynon, 90 So.2d 623 (Fla. 1956), this Court found that the record did not preclude all possibility of a showing of a cause of action. Therefore, the summary judgment was affirmed, but the affirmance was without prejudice to the plaintiff to move for leave to amend her complaint. Likewise, in Hart Properties, Inc. v. Slack, supra, we held that in circumstances such as this where a summary judgment should be entered, yet the matters presented indicate that the unsuccessful party may have a cause of action if properly pleaded, the correct procedure is to enter the summary judgment with leave to the party to amend.
The interests of justice require this cause to be remanded to the trial court for the purpose of allowing respondent to attempt a successful amendment of her complaint, under the record facts indicating such reasonable possibility here.
*251 Amendment is not an arbitrary right in every case upon the granting of a summary judgment, if there are no reasonable indications in the record that a justifiable issue can be made upon amendment to conform to those facts so appearing at the time of the entry of the summary judgment; but where so indicated, as here, the litigant is entitled to that opportunity, as this Court has held.[1]
In the present case, the district court reversed the summary judgment and remanded the cause for further proceedings. The substance of such order is in accord with the spirit of the rule, but its form is in direct conflict with Hart Properties, Inc. v. Slack, supra, and Roberts v. Braynon, supra. The district court should have followed the procedure set forth in Roberts v. Braynon, supra, to wit: affirm the summary judgment, but without prejudice to the plaintiff filing an amendment to the complaint within the facts appearing of record. Accordingly, the decision of the district court is amended to affirm the summary judgment but without prejudice to plaintiff so to amend. The decision as so amended, is approved, and the cause is remanded for further proceedings not inconsistent herewith.
Inasmuch as the decision of the district court is limited solely to the procedural issue discussed above, we do not reach the question of whether Fla. Stat. § 440.11, F.S.A., provides defendants, or either of them, with immunity from liability due to the exclusive remedy of that statute. The trial court, after an amendment, will then decide that question.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON and DREW (Retired), JJ., concur.
NOTES
[1] Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963), and Roberts v. Braynon, 90 So.2d 623 (Fla. 1956).