PIERCE, Chief Judge.
Mary Jean Kolarik, individually and as Executrix of the Estate of Joseph Kolarik, deceased, appeals a final summary judgment in favor of the defendant, Rodgers Bros. Service, Inc. The other original defendant, Clyde Cannon, is not a party to this appeal.
The lower Court’s ruling was predicated upon the defense of immunity from liability due to the exclusive remedy of the Workmen’s Compensation Act.
The record reveals that appellant’s decedent, Joseph Kolarik, an employee of the general contractor, P. J. Goodwin Corporation, was struck and severely injured by a load of lumber which fell from a crane. The crane, cables and an operator, defendant Clyde Cannon, were furnished to the general contractor by appellee, Rodgers Bros., to assist in the construction of a four story motel building. The actual lifting device, known as a “block fork” was furnished by the general contractor, Goodwin, and Goodwin’s employees, including decedent, loaded and unloaded the lumber on the fork. Claim for Workmen’s Compensation benefits was made by the plaintiff and are being paid by the general contractor’s carrier.
Appellant Kolarik contends that the holdings in Smith v. Poston Equipment Rentals, Inc., Fla.App.19S8, 105 So.2d 578, and Carter v. Sims Crane Service, Inc.., Fla. 1967, 198 So.2d 25, extending the immunity of the Workmen’s Compensation law to subcontractors, are erroneous. We disagree. *188 Carter reconsidered the language of the act and the reasoning of the earlier cases dealing with the common employment doctrine embodied in F.S. § 440.10 F.S.A., and found no ground for departure from the prior decisions.
Kolarik next contends that the cases of Watier v. REW Crane Service, Inc., Fla.App.1970, 240 So.2d 177, and Gold Coast Crane Service, Inc. v. Watier, Fla.1971, 257 So.2d 249, cast serious doubt on the holding of Poston, insofar as it extends the blanket immunity of the Workmen’s Compensation law to subcontractors. We do not interpret this to be the meaning of those decisions. The Supreme Court, in amending the District Court’s decision to affirm the summary judgment without prejudice to plaintiff to amend, and remanding the cause for further proceedings, said:
“Inasmuch as the decision of the district court is limited solely to the procedural issue discussed above, we do not reach the question of whether Fla.Stat. § 440.11, F.S.A., provides defendants, or either of them, with immunity from liability due to the exclusive remedy of that statute. The trial court, after an amendment, will then decide that question.”
Kolarik further urges that Poston is distinguishable from the case sub judice in that the Poston case did not involve any claim of “defective equipment.” Kolarik contends that Rodgers furnished her decedent’s employer with a crane which was defective, and that it was being negligently operated or maintained by Rodgers’ employee.
No testimony was introduced to support the allegation that Rodgers furnished a defective crane, and Rodgers’ employee, Cannon, testified that the crane was in “A-l” condition, that there was not a defect in the equipment whatsoever, and that the crane continued doing the same type of work in the same manner after the accident. Kolarik argues that the equipment was defective for the use to which it was to be put, since no provision whatever was made to in any way tie or confine the materials loaded onto the block fork. The alleged defective equipment, however, known as the “block fork”, was furnished by decedent’s employer Goodwin, not by the subcontractor Rodgers, and the employees of the general contractor Goodwin loaded and unloaded the fork.
The judgment appealed is, therefore,
Affirmed.
LILES and HOBSON, JJ., concur.