285 So.2d 645 (1973)
MOUNT SINAI HOSPITAL OF GREATER MIAMI, INC., Appellant,
v.
CORDIS CORPORATION, Appellee.
No. 72-1441.
District Court of Appeal of Florida, Third District.
October 30, 1973.
Rehearing Denied December 7, 1973.
Milton Kelner, Miami, for appellant.
Smith, Mandler, Smith & Parker, and Joe N. Unger, Miami Beach, Gunn & Venney, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant Mount Sinai Hospital seeks review of a summary final judgment based on a finding that appellant's claim was barred by the statute of limitations.
On March 29, 1972 the hospital filed suit alleging a misappropriation by the appellee Cordis Corporation, a cardiovascular instruments manufacturer, of the concept for an improved cardiac pacemaker and of the patent rights for it, both of which were rightfully the property of the hospital by virtue of an assignment of those rights by two research doctors.
The doctors, a cardiologist, Dr. David Nathan, and a surgeon, Dr. Sol Center, began experimenting in 1959 and 1960 with *646 the improved synchronous pacemaker which they hoped might alleviate the critical disorder known as heart block. Appellee was contacted to assist the doctors in the technical development of the pacemaker.
In June 1961, the hospital inquired of the appellee whether a royalty would be paid to the hospital in the event the pacemaker was produced for commercial use. By letter the appellee responded that due to commercial uncertainties as well as the public service nature of the hospital, a formal agreement for royalties would be difficult. Instead, Cordis wrote it would make contributions to Mount Sinai which would bear a reasonable relationship to gross sales and the extent of the hospital's sponsorship of the pacemaker.
In 1962, the first synchronous pacemaker was implanted in a human being at Mount Sinai, and in 1963 appellee made application for a patent on the device. In 1966 the patent was issued.
Commencing in 1965 and extending to March 4, 1970, appellee made thirteen contributions to the hospital totaling Twelve Thousand, Eight Hundred and Seventy Dollars ($12,870.00). At the end of 1971 appellee had sold over Three Million, Eight Hundred Thousand Dollars ($3,800,000.00) worth of pacemakers. Appellee's contributions to the hospital ended in 1970 allegedly because Dr. Nathan had turned his attention to other research areas. Appellee received approximately Fifty Thousand Dollars ($50,000.00) from the hospital for its technical assistance in developing the pacemaker.
In its complaint, the hospital prayed for a judgment declaring its rights in the concept of the pacemaker and the patent rights, for an accounting of profits by the appellee, for an injunction directing appellee to assign the patent rights to the hospital, and for money damages. Appellee answered and affirmatively defended on the grounds of the statute of limitations and laches. Appellee later moved the trial court for a summary judgment, and the trial judge, after acknowledging to appellant's counsel that she had not read the numerous pre-trial depositions, thereupon entered a final summary judgment in favor of the appellee finding the hospital's claim to be barred by the statute of limitations, F.S. 95.11, F.S.A.[1]
Appellant contends (1) the trial court's reliance upon the statute of limitations rather than the equitable doctrine of laches was error, and (2) assuming either the statute of limitations or laches is applicable, the court erred in failing to consider deposition evidence upon both the questions of delay in bringing suit and estoppel to plead the statute or laches.
Appellee, who in its answer affirmatively asserted that the hospital's claim was "barred by reason of limitations and laches", argues that the court correctly determined that the statute of limitations was applicable.
The statute of limitations is not applied in courts of equity, which instead may apply rules of laches, but equity will apply the statute of limitations in equitable proceedings which relate to actions at law of like character. Baskin v. Griffith, Fla. App. 1961, 127 So.2d 467. The statute of limitation is further distinguished from laches in that the passage of time alone activates the statute, but the test of laches is whether there has been a delay which has resulted in injury, embarrassment, or disadvantage against the person against whom relief is sought. Ibid.
In support of the application of the statute of limitations, by the trial court, Cordis *647 argues that appellant's complaint sought relief in tort, to-wit, a misappropriation by the appellee of the concept for an improved cardiac pacemaker and of the patent rights for it. In addition, the complaint sought money damages and trial by jury of the issues so triable. In sum, appellees maintain the cause invoked the concurrent jurisdiction of a court of equity, and the court was bound by the statute of limitations. 27 Am.Jur.2d Equity § 158.
However, the hospital's complaint also sought declaratory relief, an injunction and an accounting by Cordis. The factual setting of this cause, in addition to the fact that the trial court has entered a summary judgment, shows that the claim may have merit. We do not believe that the statute of limitations should be strictly applied upon a summary judgment so as to defeat equitable rights the hospital may have in this case.
The facts also reveal that Mount Sinai may have a cause of action based in contract in which case appellee's obligation to the hospital may be continuing; or the action may be upon the part payment of a debt which may operate to take the case out of the operation of the statute of limitations. 21 Fla.Jur. Limitation of Actions § 75. Cordis' answer implicitly recognizes the existence of a possible contract by alleging accord and satisfaction as an affirmative defense.
Moreover, the complaint states facts indicating an issue of fraud and undue influence. In Alepgo Corporation v. Pozin, Fla.App. 1959, 114 So.2d 645, this court held:
"Summary judgment is not a substitute for a trial; and fraud is a subtle thing requiring full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute fraud." See also Bryant v. Small, Fla.App. 1970, 236 So.2d 150; Dean v. Gold Coast Theatres, Inc., Fla.App. 1963, 156 So.2d 546.
We also note that it is the policy of our rules of procedure to liberally permit amendments to pleading in the interest of justice so that the merits of a case may be considered. Conklin v. Smith, Fla.App. 1966, 191 So.2d 311; Janko v. City of Hialeah, Fla.App. 1968, 212 So.2d 800. Our Supreme Court has held that even upon entry of summary judgment, amendments to the pleadings should be allowed if there are reasonable indications in the record that a justifiable issue can be made upon amendment to conform to those facts appearing at the time of entry of judgment. Gold Coast Crane Service, Inc. v. Watier, Fla. 1971, 257 So.2d 249. We think that upon remand the trial judge after careful consideration of the testimony of witnesses and other evidence in this case may grant leave to amend the complaint to conform to the facts in the record.
The court may also wish to consider appellant's contentions that Cordis is estopped to plead the statute of limitations or laches. The deposition evidence discloses a genuine issue of material fact upon the issue of estoppel. See North v. Culmer, Fla.App. 1967, 193 So.2d 701.
We have considered the record, all the points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reason stated and upon the authorities cited, the judgment appealed is reversed and the cause remanded for trial.
Reversed and remanded.
NOTES
[1] The trial judge in her order did not specify upon which sub-section of F.S. 95.11, F.S.A. she was relying. Appellee maintains sub-section (4) of the statute, pertaining to actions not specifically provided for in chapter 95, is applicable. For purposes of a determination of the instant cause, we do not consider the trial court's failure to indicate the particular sub-section to be crucial.