311 So.2d 734 (1975)
The KEYES COMPANY, a Florida Corporation, Appellant,
v.
The EXECUTIVE CENTER, INC., a Florida Corporation, et al., Appellees.
Nos. 74-621, 74-720.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Rehearing Denied May 16, 1975.
*735 Sager & Burns and Joseph Pardo, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and J. Frost Walker, III; Fowler, White, Humkey, Burnett, Hurley & Banick; Morton M. Beigel, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The appellant, The Keyes Co., was the plaintiff in the trial court in a suit to recover a claimed commission upon the sale of a large piece of property. The broker on the sale was ostensibly the appellee, Oscar E. Dooly Assoc., Inc. The property was sold by Executive Center, Inc., to the Ryder System, Inc. After extensive discovery, the trial court entered a summary final judgment for the defendant Dooly and the defendant Ryder. The first of the two appeals consolidated here is from that judgment. After the entry of the judgment, Keyes moved for (1) a rehearing and (2) an order allowing it to amend its complaint as to the defendant Dooly. The trial court first denied the motion for rehearing and then signed an order granting Keyes's motion for leave to amend. At this stage, Keyes filed its first notice of appeal. Thereafter the trial court set aside its order granting leave to amend upon the basis that it had lacked jurisdiction to make the order since it had already denied the petition for rehearing. The second appeal by Keyes is from the order setting aside the previously-entered order granting permission to amend.
The Keyes Co. allegedly was the holder of the exclusive listing agreement, the Dooly Association was allegedly a selling broker who claimed the entire commission, and Ryder was the ultimate purchaser. The complaint upon which summary judgment was entered alleged that Dooly and Ryder were guilty of interfering with Keyes's profitable business venture, that is, its exclusive contract to sell the property of the Executive Center, Inc. The facts developed at the time of the entry of the summary judgment conclusively refuted the existence of the cause of action for business interference. Prior to the time the court entered the judgment, Keyes, perhaps being apprehensive of the ultimate result, moved to amend its complaint in conformity with some of the evidence obtained upon discovery so that the complaint would allege a violation of a duty owed by Dooly to Keyes growing out of prior business dealings and the exclusive contract in this case. As can be seen from the fact that the motion to amend was granted, the trial judge felt that such an amendment would be in keeping with the applicable law. We concur in this determination by the trial judge. See Sorrells v. Mullins, Fla.App. 1974, 303 So.2d 385. The trial judge subsequently found it necessary to set aside the order allowing the amendment because he had overlooked ruling upon the motion prior to signing the order denying rehearing. Without discussing the correctness of this basis where the motion was undisposed of at the time of the filing of the order denying rehearing, we conclude that the order denying rehearing without allowing amendment when there was a pending motion for amendment amounted to a denial of the motion to be allowed to amend. We, therefore, hold that the summary judgment as to the defendant Oscar E. Dooly Assoc., Inc., is in error to the extent that it did not allow amendment of the complaint prior to ruling on the petition for rehearing. Upon the return of this cause to the trial court, the amendment shall be allowed and the court may then proceed to determine whether Dooly is entitled to a summary judgment in the cause of action alleged in the amended complaint.
The summary judgment as to the defendant Ryder is affirmed.
Affirmed in part, reversed in part and remanded with directions.