PER CURIAM.
Mount Sinai Hospital of Greater Miami, Inc. appeals an adverse final judgment entered pursuant to a jury verdict for the defendant in this action for determination of the ownership of patent rights to an implantable synchronous pacemaker and other equitable relief.
The factual background of this case is set out in Mount Sinai Hospital of Greater Miami, Inc. v. Cordis Corporation, Fla. App.1973, 285 So.2d 645 where this court reversed the summary judgment for the defendant, appellee herein Cordis Corporation, and remanded the cause for trial. Plaintiff, Mount Sinai Hospital, to prove its case introduced evidence in support of the theory that if an employee is employed for the express purpose of using his inventive faculty in the interest of his employer, the latter is entitled to all inventions made by him in performance of the contract. State Board of Education of Florida v. Bourne, 150 Fla. 323, 7 So.2d 838 (1942); State v. Neal, 152 Fla. 582, 12 So.2d 590 (1943).- Plaintiff moved for a partial directed verdict upon the ground that its entitlement to the synchronous implantable pacemaker and the respective patents were shown by the undisputed evidence to exist as a matter of law. The motion was denied and the cause submitted to the jury which returned a verdict in favor of the defendant. This appeal ensued.
Plaintiff Hospital first contends that the trial court erred in denying its motion for directed verdict thereby refusing to hold, as a matter of law, that the invention, which the plaintiff had hired and paid the defendant to devise, rightfully belonged to it. We cannot agree.
The record illustrates that at the very least the evidence of whether defendant Cordis Corporation was employed to devise an implantable synchronous pacemaker was conflicting and, therefore, correctly submitted to the jury for its determination. We also note that the patents were issued *381 to protect a unique phase of the electronic circuitry and simplified remote ground system conceived by the defendant and not a synchronous pacemaker. Thus, we find the trial judge was correct in denying the motion for partial directed verdict.
We have also considered plaintiff’s remaining points on appeal and find them to be without merit.
Affirmed.