PER CURIAM.
The Keyes Company seeks reversal of an adverse summary final judgment in its action to recover damages against Oscar E. Dooly Associates, Inc. for business interference.
The Keyes Company entered into a special written sales service agreement with the defendant, The Executive Center, whereby Keyes was granted exclusive right *646 to sell the Center’s property for a period of one year commencing on July 11, 1972. In the event of sale, Keyes was to receive a 7V2% commission. Oscar E. Dooly Associates was notified of this exclusive listing contract as a subscribing broker to The Keyes’ special sales service listing. In November 1972 Executive Center, orally and in writing, notified Keyes that it was taking the property off the market, and the exclusive listing contract between them was terminated. In December 1972 at the request of Ryder System, Inc., Dolly sent Ryder a brochure describing the subject property and on January 9, 1973 Executive Center and Ryder entered into an agreement for the sale of the property. The transaction was consummated on April 6 and Dooly received a 6% real estate commission. Thereafter, Keyes sued Executive Center for a real estate commission and Oscar E. Dolly Associates for damages based on wrongful interference with the exclusive listing contract to sell the Center’s property. In the alternative, Keyes alleged that pursuant to the terms of its special sales service listing to which Dooly subscribed, Dooly had agreed to pay Keyes 40% of any commission received from the sale of listed property which Dooly had procured. After pretrial discovery Dooly moved for and was granted summary final judgment. We affirm.
With respect to Keyes action for business interference, that issue, has already been determined adversely to Keyes in a prior appeal. See Keyes Company v. Executive Center, Inc., 311 So.2d 734 (Fla.3d DCA 1975).
Turning to Keyes alternative claim for 40% of the commission received by Dooly, it is undisputed that in November 1972 the exclusive listing contract for the sale of the subject property had been cancelled by The Executive Center prior to the time negotiations were entered into with Ryder Systems and the sale consummated. Therefore, this property was not a “listed” property at the time the sale was consummated and Dooly was not obligated to pay Keyes a portion of its commission. Keyes reliance on Megdell v. Wieder, 327 So.2d 781 (Fla.3d DCA 1976) involving rights between cooperating and subscribing brokers is misplaced. In that case there was a contract between the broker and the seller in existence at the time of the sale.
Affirmed.