352 So.2d 908 (1977)
Joseph F. PUTNAM and Vance D. Bishop, As Trustees under Trust No. 17498, Appellants,
v.
Wilson F. ROUDEBUSH et Ux., Appellees.
No. 76-1560.
District Court of Appeal of Florida, Second District.
November 23, 1977.
Rehearing Denied December 27, 1977.
*909 Thomas M. Harris of Harris, Harris & Andrews, P.A., St. Petersburg, for appellants.
McNULTY, JOSEPH P. (Ret.), Associate Judge.
This action is predicated upon an alleged breach of an implied warranty of fitness and merchantability.
The Roudebushes, as plaintiffs, purchased a condominium apartment from appellants, trustees and developers of the condominium. They complained that the air conditioning system made so much noise in their unit that the unit was rendered uninhabitable. They vacated the premises and brought this action seeking not rescission, but damages for breach of warranty. A judgment for $10,000 was entered in their favor after a jury trial and this appeal ensued. We reverse.
First of all, we recognize that the current state of Florida law extends an implied warranty of fitness and merchantability to the buyer of a new condominium. So where, as here, an air conditioning unit is an integral part of a condominium, it is subject to an implied warranty.[1]
Even where an implied warranty exists, it is possible to assert defenses to it. A defense to implied warranty, at least in the products liability area, has been that the party asserting the implied warranty had a reasonable opportunity to discover the defect and did not do so.[2] If we are to extend implied warranties to condominiums, it seems logical to allow the condominium developer/seller the same defenses that we allow the manufacturer/seller in the products liability field. In the instant case appellants may have been able to utilize this defense had it been properly pled and proven. But, since the defense was not properly pled and proven, there was a proper claim by plaintiffs of implied warranty.
*910 Even so, the Roudebushes' evidence fell far short of establishing a breach of implied warranty. The warranty involved is that the condominium unit was reasonably fit for the ordinary or general purpose intended, viz., as living quarters. A breach thereof, therefore, would be that it is not so fit; and the test of the breach is an objective one, i.e., whether the premises met ordinary, normal standards reasonably to be expected of living quarters of comparable kind and quality.[3] There was no evidence on behalf of the Roudebushes which went to this test. They merely tended to show that, as to their sensitivity to noise, the premises were uninhabitable.[4] No showing was made, nor was there a basis for comparison to establish, that their sensitivity to noise was not hypersensitivity, but was that of reasonable persons  a burden resting with them as plaintiffs. The subjective, "personal satisfaction" test is not enough.[5]
Additionally, we observe, that even if there is the defect they complain of, it constitutes a continuing nuisance and is a permanent defect in the realty. The usual measure of damages in such a case is the diminution in value of the real estate occasioned by the defect.[6] There is virtually no evidence of such diminution in value. To the contrary, unrefuted evidence on behalf of appellants tended to establish that the unit in question is worth more now than when the Roudebushes purchased it, even with the "defect" such as it is.
In view whereof, the judgment appealed from cannot stand. Accordingly, it should be, and it is hereby, reversed and the cause is remanded with directions to enter judgment in favor of appellants.
SCHEB, Acting C.J., and OTT, J., concur.
NOTES
[1] Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA), cert. denied, 264 So.2d 418 (Fla. 1972).
[2] Lambert v. Sistrunk, 58 So.2d 434 (Fla. 1952); Fletcher Co. v. Melroe Mfg. Co., 238 So.2d 142 (Fla. 1st DCA 1970).
[3] See House v. Thornton, 76 Wash.2d 428, 457 P.2d 199, 203 (1969).
[4] It appears, for example, that while admitting the noise was undetectable during normal conversation sounds, it was most disturbing to them in the still of the night.
[5] Cf. Wisner v. Goodyear Tire & Rubber Co., 167 So.2d 254 (Fla. 2d DCA 1964).
[6] Cf. Atlantic Coast Line R. Co. et al. v. Saffold, 130 Fla. 598, 178 So. 288 (1938). See also United States Steel Corporation v. Benefield, 352 So.2d 892 (Fla. 2d DCA 1977).