367 So.2d 229 (1979)
James L. GREENBURG, Appellant,
v.
Brenda E. JOHNSTON and Fidelco Growth Investors, Appellees.
No. 78-1337.
District Court of Appeal of Florida, Second District.
January 5, 1979.
Rehearing Denied February 8, 1979.
*230 Louis Wienckowski, Clearwater, for appellant.
Robert C. Burke, Jr., of Korones, Burke & Laursen, Clearwater, for appellee, Brenda E. Johnston.
John R. Bush and Claude H. Tison, Jr., of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellee, Fidelco Growth Investors.
SCHEB, Judge.
The trial court entered a final judgment in favor of appellees/defendants after denying appellant/plaintiff's motion to amend his complaint. We hold that the trial court abused its discretion in not allowing appellant to amend, since it was apparent the proffered amendment would state a cause of action. We, therefore, reverse the final judgment.
Appellant brought suit against appellees, alleging that he was entitled to damages under the implied-warranty provisions of § 718.203, Fla. Stat. (1977) because the condominium he purchased was defective. Appellees each moved for summary judgment and accompanied their motions with exhibits showing that construction of the condominium commenced prior to July 1, 1974, the operative date of the warranty provided in § 718.203(5), Fla. Stat. (1977). Appellant filed nothing in opposition. However, at the summary judgment hearing he presented a motion for leave to amend his complaint to allege a cause of action based on breach of common law implied warranty. The trial court granted appellees a summary judgment, and, after further deliberation, denied appellant's motion for leave to amend and entered final judgment in favor of appellees.
On motion for summary judgment, appellees' sole contention was that appellant had not stated a cause of action because construction commenced before the operative date of the statutorily imposed warranties. Appellant did not controvert the exhibit showing that construction had, in fact, commenced before the operative date of the statutory warranty. Hence, there was no genuine issue of any material fact in this regard, and the trial court properly entered a summary judgment as to appellant's claim of breach of statutory warranty. Appellees did not, however, submit anything to controvert their status as developers, or that they sold a structurally defective new condominium to appellant. Florida law recognizes a common law cause of action for breach of an implied warranty of merchantability in the sale of new condominiums. Putnam v. Roudebush, 352 So.2d 908 (Fla.2d DCA 1977). From the facts alleged in appellant's complaint, it appears that appellant may be able to plead a cause of action based on a common law theory. Appellant should not be deprived of his full day in court by summary proceedings, *231 where, as here, the record indicates he may have a bona fide cause of action. Beckerman v. Greenbaum, 347 So.2d 141 (Fla.2d DCA 1977); see Hart Properties, Inc. v. Stack, 159 So.2d 236 (Fla. 1963); Fla.R. Civ.P. 1.190(a).
While good practice dictates that a motion for leave to amend should be filed at an earlier stage, it is not necessarily untimely if filed at the hearing on a motion for summary judgment or even after the motion is granted. Of course, after a responsive pleading has been filed, leave to amend is discretionary with the court. Fla. R.Civ.P. 1.190(a). But where, as here, it becomes apparent that the plaintiff can state a cause of action, it is an abuse of discretion to deny the motion to amend. Gold Coast Crane Service v. Watier, 257 So.2d 249 (Fla. 1971); Roberts v. Braynon, 90 So.2d 623 (Fla. 1956).
Accordingly, we affirm the grant of summary judgment to appellees, but reverse the order denying appellant leave to amend. The final judgment is vacated and the trial court is directed to allow appellant to file an amended complaint alleging breach of a common law warranty.
HOBSON, A.C.J., and RYDER, J., concur.