SCHWARTZ, Judge.
After our reversal of a summary judgment rendered for the plaintiff-mortgagee against both defendants in Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 291 (Fla.1976),[1] and further discovery had been developed below, the plaintiff-bank again moved for summary judgment as against the defendant Dalcamp with respect only to the counterclaim for specific performance and damages which had been asserted by Dalcamp against it. The basis of the counterclaim was the allegation that the bank had affirmatively and fraudulently misrepresented to Dalcamp that it would grant releases from its own mortgage lien on the property in question upon payments made by Dalcamp to Furlong under the agreement between those two parties and then had failed to grant those releases. The trial judge granted the summary judgment sought as to the counterclaim, and Dalcamp appealed.
We are convinced that the bank successfully met its burden to establish conclusively that there was no genuine issue of material fact as to the claim of fraud or misrepresentation as alleged in the counterclaim as drafted. The summary judgment was therefore correctly entered. The record below, however, demonstrates that Dalcamp may well be able properly to claim both specific performance and damages upon another theory, that is, the wrongful failure of the bank to issue releases from its own mortgage, notwithstanding its actual knowledge of the superiority of the Furlong-Dalcamp agreement and of its release provisions. Accordingly, the judgment below is affirmed with directions that, upon remand, Dalcamp may file such amended *154 counterclaim as it may be advised.[2] Gold Coast Crane Service, Inc. v. Watier, 257 So.2d 249 (Fla.1971); Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla.1963); Forte v. Tripp & Skrip, 339 So.2d 698 (Fla. 3d DCA 1976); Sorrells v. Mullins, 303 So.2d 385 (Fla. 3d DCA 1974).
Affirmed with directions.

. The basic outline of the unbelievably complex factual and legal situation presented in this case is set forth in that opinion.

. We of course issue no prediction as to the sufficiency of any such amended pleading. We merely think that Dalcamp should be given another try at establishing its alleged cause of action for specific performance and damages.