388 So.2d 1260 (1980)
SUNSHINE KITCHENS, INC., Appellant,
v.
Joel MALLIN, Mark Kay, American Home Assurance Company, Gulf Insurance Company and Lawrence Suslow, Appellees.
Nos. 79-969, 79-1735.
District Court of Appeal of Florida, Third District.
September 16, 1980.
Rehearing Denied November 5, 1980.
Bailey & Dawes and Guy B. Bailey, Jr., Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Cappucio, Carey, Dwyer, Cole, Selwood & Bernard and Steven R. Berger, Miami, for appellees.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The final summary judgment under review is affirmed upon a holding that there are no triable claims on this record for legal malpractice and other related actions because (a) the sole genuine issue of material fact argued by the plaintiff in the court below [namely, whether the defendants obtained a self-amortizing lease for the plaintiff as requested] was not raised by the plaintiff's operative complaint as amended, was not sought to be raised by any proposed amendments to said complaint, and was, in our view, immaterial based on this record in that the claimed variance regarding the lease was insubstantial and, in any event, led to no consequential injury to the plaintiff, and (b) the balance of the issues of fact now asserted as genuine and material by the plaintiff upon this appeal were not raised in its operative complaint as amended, were not argued in the court below and, indeed, were abandoned by implication at the hearing on the motions for summary judgment below, and were, in our view, immaterial based on this record in that the acts now claimed to be malpractice, breach of contract, and fraud were, in part, known to and approved by the plaintiff and, in any event, led to no consequential injury to the plaintiff. Weiner v. Moreno, 271 So.2d 217 (Fla.3d DCA 1973).
The order awarding $386 in costs for air fare for counsel to attend depositions in reversed and the cause is remanded to the trial court with directions to vacate such cost order upon a holding that such air fare expenses are not taxable costs. Butler v. Borowsky, 120 So.2d 656, 660 (Fla.3d DCA 1960).
Affirmed in part; reversed in part.
*1261 DANIEL S. PEARSON, Judge, concurring in part and dissenting in part.
I concur in the majority's reversal of the order awarding air fare expenses as taxable costs. I must, however, respectfully dissent from the majority's affirmance of the final summary judgment entered in favor of the defendants.
The extensive record below fairly reflects the existence of a genuine and material issue of fact as to whether the computers which the individual defendants obtained for the plaintiff would qualify as "tax shelters" as these defendants assured. Specifically, there was some evidence developed below that Sunshine was not the first purchaser of the computers and that this fact was not made known to Sunshine when it invested more than a half-million dollars to purchase the computers. The materiality and injurious nature of this is that if Sunshine was not the first user of the computers, then according to Sunshine's contention,[1] it would not be entitled to use a declining balance method of depreciation on the property and tax shelter benefits would be nonexistent.[2]
I do not agree with the majority that the issue was either abandoned or immaterial or that it would not lead to injury to the plaintiff. It is true, as the majority states, that this issue was not raised in the operative complaint as amended. That omission, however, in not fatal to the plaintiff. Where the record establishes that a plaintiff may have a viable claim if properly pleaded, the plaintiff is to be afforded an opportunity to amend the complaint. Gold Coast Crane Service, Inc. v. Watier, 257 So.2d 249 (Fla. 1971); Greenburg v. Johnston, 367 So.2d 229 (Fla.2d DCA 1979); Dalcamp, Inc. v. First National Bank of Hialeah, 366 So.2d 153 (Fla.3d DCA 1979); Rauch, Weaver, Millsaps & Co. v. Campbell-Dickey Marketing Services, Inc., 354 So.2d 403 (Fla.4th DCA 1978); Forte v. Tripp & Skrip, 339 So.2d 698 (Fla.3d DCA 1976). The plaintiff's failure to request leave to amend is not an impediment to that relief. Gold Coast Crane Service, Inc. v. Watier, supra.
Accordingly, I would affirm the summary judgment and remand the cause with directions that the plaintiff be permitted to further amend its complaint within a time to be fixed by the trial court.[3]
NOTES
[1] This contention was not resolved in the trial court. The expert testimony adduced by the defendants did not address this issue. The record reflects that the Internal Revenue Service audited and approved the transaction, but did so in the belief that Sunshine was a first user.
[2] Internal Revenue Code Section 167 allows a taxpayer to deduct depreciation on "property held for the production of income" using a declining balance method if, inter alia, "the original use of such property commences with the taxpayer."
[3] Gold Coast Crane Service, Inc. v. Watier, supra, dictates this form. We may have overlooked this in Dorset House Association, Inc. v. Dorset, Inc., 371 So.2d 541 (Fla.3d DCA 1979), and Keyes Company v. Executive Center, Inc., 311 So.2d 734 (Fla.3d DCA 1975), where we reversed the summary judgment.