COBB, Chief Judge.
In this case, the appellants challenge an adverse summary judgment and the trial court’s denial of their motion for leave to amend. That belated motion, however, was not predicated upon anything in the record before the trial judge. Therefore, the Hart and Roberts cases,[1] relied upon by the appellants, actually support the appellee — because those cases were each expressly predicated upon record evidence before the trial judge which reasonably suggested that a plaintiff, if allowed to amend, could state a valid cause of action. See also Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983).
In the instant case, the appellants are relying upon a deposition which they admittedly failed to file for the record and the consideration of the trial judge, even though it was available to them prior to the summary judgment hearing. The unequivocal evidence before the trial judge, upon which he based his judgment, was that at the time of the alleged accident the vehicle operated by the alleged tortfeasor, Noel, did not belong to Fred Owens Motors, and Noel was not acting within the scope of *523 any business or agency relationship with Owens. See Landers v. Milton, 370 So.2d 368 (Fla.1979). There was no contrary evidence ’ presented to the trial judge, and none to suggest that the complaint against Owens could be legitimately amended to base liability on agency, rather than ownership of the vehicle. The Owens affidavit, relied upon by the dissent as suggesting such liability, reads in relevant part:
3. On the date of the accident, Mr. Noel had borrowed a dealer plate from Fred Owens Motors so that he could use the vehicle described in the complaint to perform an errand for me. That' errand was to pick up another vehicle, load it onto this vehicle, which was an auto hauler, and deliver it to my dealership. I did not own the vehicle involved in this accident nor did I have any interest in or right to that vehicle.
4. Mr. Noel had completed this task and was in the process of driving the vehicle back to his home at the time of the accident. He had completed the errand and had stopped at his place of employment, Stan’s Transmission, but not to perform any service for me.
5. At the time of the accident, Mr. Noel was exiting Stan’s Transmission. At such time, he was not involved in performing any services or errand for me or for Fred Owens Motors.
AFFIRMED.
ORFINGER, J., concurs.
SHARP, J., dissents with opinion.

. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla.1963); Roberts v. Braynon, 90 So.2d 623 (Fla.1956).