SHARP, Judge,
dissenting.
The issue in this case is whether or not the trial court properly entered a final summary judgment in favor of Fred Owens Motors, defendant below, without allowing the Rileys, plaintiffs below, leave to amend their complaint. Although this procedure is logically an anomaly,[1] it has been approved by the Florida Supreme Court. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla.1964); Roberts v. Braynon, 90 So.2d 623 (Fla.1956). I conclude that in this case, it was error for the trial court not to allow appellants leave to file an amended complaint after entry of the summary judgment.
In Hart, supra, the court said:
It might well be that the evidence offered in support or opposition to the motion revealed that plaintiff had misstated his position and the ends of justice would require that he be allowed to amend his complaint.
159 So.2d at 240. This duty to allow leave to amend applies where “the matters presented indicate that the unsuccessful party may have a cause of action or a defense not pleaded ...” (emphasis supplied). 159 So.2d at 240.
The application of this rule to this case turns on whether or not the appellants’ cause of action — respondeat superior based on an employer-employee relationship with Fred Owens Motors — which was not pleaded by the Rileys, was a “matter presented” to the trial judge at the time of the summary judgment. That is a close question in this case, but on balance I think it was. Leave to amend pleadings should be given freely when justice so requires. Dingess v. Florida Aircraft Sales and Leasing, Inc., 442 So.2d 431 (Fla. 5th DCA 1983); New River Yachting Center, Inc. v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1981), review denied, 415 So.2d 1360 (Fla.1982); Bostwick v. Bostwick, 346 So.2d 150 (Fla. 1st DCA 1977).
The Rileys filed suit against Fred Owens Motors for damages suffered by George Riley in an automobile accident with a car allegedly owned by appellee and driven by William Noel. Owens presented an affidavit in support of its motion for summary judgment denying that it owned the car involved in the accident. However, the affidavit went on to say Noel had borrowed a license plate from Owens so that he could drive an unlicensed vehicle to perform an errand for Owens. The affidavit stated Noel had completed his errand, and was in the process of returning to his home when *524 the accident occurred. In an unfiled deposition taken shortly before the summary judgment hearing, Noel testified that he was an employee of Owens, acting in the scope of his employment at the time the accident occurred.
It would have been much better procedure in this case for appellants to have filed Noel’s deposition prior to the summary judgment hearing. Had that been done, Roberts and Hart would clearly have been applicable. I think, however, that Owens’ affidavit, by its own verbiage, discloses that some sort of employer-employee relationship might have existed between Owens and Noel. This was buttressed by appellants’ counsel’s ore tenus motion at the summary judgment hearing, seeking to amend the complaint to state a cause of action based on an employer-employee relationship. Under these facts I think the filing of an amended complaint should have been allowed.

. Coudry v. City of Titusville, 438 So.2d 197, 201 (Fla. 5th DCA 1983).