LEHAN, Judge.
This is an appeal by a lessee, Astrex, Inc., from a summary judgment entered in favor of the lessor, Florida Gulf Associates Limited Partnership, in this suit by Astrex against Florida Gulf. In Count I Astrex claimed that Florida Gulf unreasonably withheld its consent to Astrex’s subleasing of the premises to a third party. In Count II Astrex claimed that Florida Gulf, having itself, upon Astrex’s default, leased the premises to that third party for rental in excess of that called for under the lease with Astrex, is obligated to pay that excess to Astrex. As its first point on appeal Astrex contends that the trial court erred in entering summary judgment for Florida Gulf as to Count II. As its second point on appeal, Astrex contends that the trial court erred in denying Astrex leave to amend its complaint following entry of the summary judgment. We affirm.
The parties entered into a stipulation of settlement following a prior suit by Florida Gulf against Astrex after Astrex had moved out of the premises. Under what we conclude are the clear terms of the stipulation it was provided that Astrex had 180 days to sublet the premises and if Astrex failed to do so, then such failure “shall be considered a breach of this Stipulation, and in the event of such breach, ... ASTREX, INC., shall immediately return possession of the leased premises to [Florida Gulf], whereupon [Florida Gulf] shall assume possession for the account of ... ASTREX, INC.” Astrex failed to sublease within that 180 days. Thereafter Florida Gulf entered into the lease with the third party referred to above.
Florida Gulf argues that under the terms of the stipulation Astrex was in breach of the stipulation thus entitling Florida Gulf to possession. It is argued that any rights of Astrex were brought to an end by Florida Gulf’s entitlement to repossession and that Astrex should not benefit from its breach by receiving the excess rent.
The position of Florida Gulf appears consistent with the general law applicable in these types of circumstances. For example,
In case of a reletting of the premises upon the tenant’s abandonment, the landlord cannot hold the tenant for the full amount of the rent reserved, but must credit thereon the amount received from the reletting. On the other hand, although premises may have been relet for the benefit of the original lessee by way of reducing his contractual liability, he is not in position, after having violated his lease by abandoning the premises, to turn that breach into gain for himself by asserting a claim to the excess of the rental obtained on the reletting above that provided in his lease.
49 Am.Jur.2d Landlord and Tenant § 623 (1970). Thus, unless the lease so provides, “where, after abandonment by the tenant, the landlord relets the premises pursuant to a provision in the lease authorizing the landlord so to do, the tenant is not entitled to recover the excess received on such re- *31 letting, over the amount of rent fixed in his lease.” 52 C.J.S. Landlord and Tenant § 498(2), n. 18 (1968), citing Whitcomb v. Brant, 90 N.J.L. 245, 100 A. 175 (N.J.1917). But, “where the lease so provides ... the tenant may hold the landlord liable for any excess.” 52 C.J.S. Landlord and Tenant § 498(2) (1986).
In that light we must determine whether the agreement of the parties gave Astrex the right to the excess it claims. Nothing in that regard is in the lease. The stipulation provides that Florida Gulf is entitled to possession of the premises “for the account of ... ASTREX, INC.” We must conclude that the parties intended that those words would have a meaning consistent with established landlord tenant law in this type of situation. To determine that law we look to Kanter v. Safran, 68 So.2d 553 (Fla.
In such event, the lessor has a right to consider the contract ended insofar as further performance by the lessee of its terms is concerned and may resume possession of the leasehold premises; but he may refuse to accept the surrender of the leasehold estate insofar as his right to recover damages for the breach is concerned. Where such right is preserved, the lessor’s intention in resuming possession of the premises (whether on his own account or for the account of the lessee) [emphasis added to these words] is important only to a determination of the time at which he intends to collect for his damages for the total breach of the contract. He may resume possession on his own account and sue immediately for his damages ... or he may resume possession of the premises and relet for the account of the lessee [emphasis added to these words] and, at the end of the term, collect the difference between the amount received on the re-letting and the amount stipulated in the lease agreement for the remainder of the term. In either case, the lessor is entitled to recover for any special damages chargeable against the lessee and, in the latter case, for the expenses reasonably necessary in order to obtain a tenant and mitigate damages under the lease.
68 So.2d at 558. Thus, the term “for the account of” in this type of situation was said to refer to amounts of rental money received upon a reletting by the repossessing landlord to the extent the defaulting tenant is obligated to the landlord. In other words, that rent received by a landlord who relets upon retaking possession is to be applied against the amount of rent owed to the landlord by the defaulting tenant. Accordingly, the phrase contemplates such rent received in amounts equal to or less than those owed by the tenant under the lease. See also Kanter v. Safran, 99 So.2d 706 (Fla.1958).
As we have indicated, excess amounts received by the landlord from a third party for the rental of the premises over and above the amount owed by the tenant to the landlord could be recovered by the tenant only if the parties’ agreements specifically so provided. We conclude that the stipulation between the parties contained no specific provision in that regard.
This result is consistent with other language in the first of the above referred Kanter cases. “In those jurisdictions where it is held that the claim [of a repossessing landlord against the tenant] is for damages not for rent, the lessee ‘is not in position, after having violated his lease by abandoning the premises, to turn that breach into gain for himself by asserting a claim to the excess of the rental obtained on the reletting above that provided in his lease.’ 32 AmJur., Landlord and Tenant, Sec. 520, page 427.” Kanter, 68 So.2d at 557-58.[1] Florida is a jurisdiction in which such a claim is for damages. See Kanter v. Safran, 99 So.2d 706 (Fla.1958); Rodeway Inns of America v. Alpaugh, 390 So.2d 370, 376 (Fla. 2d DCA 1980) (Campbell, J., dissenting).
We find no merit in the additional contention that the trial court erred in denying *32 Astrex leave to amend its complaint. See Gold Coast Crane Service Inc. v. Watier, 257 So.2d 249, 251 (Fla.1971); Riley v. Fred Owens Motors, 483 So.2d 522 (Fla. 5th DCA 1986).
Affirmed.
CAMPBELL, A.C.J., and THREADGILL, J., concur.

. But see Restatement (Second) of Property, § 12.1 comment i and reporter’s note 8.