PER CURIAM.
We affirm a summary final judgment of foreclosure and award of fees and costs.
With regard to Appellants’ multiple issues raised on appeal, a review of the record reflects that they have raised several issues here that were not raised in the answer and affirmative defenses, failed to file affidavits or other sworn statements in opposition to Appellees’ motion for summary judgment, and otherwise failed to demonstrate issues of fact.
Appellants’ attempt to argue additional defenses, claimed at the last minute, was properly not considered by the trial court where Appellants had not sought leave of court to amend their pleadings. Sunshine Kitchens, Inc. v. Mallin, 388 So.2d 1260 (Fla. 3d DCA 1980); Fla. R. Civ. P. 1.190(a). Further,' even had the court considered the new issues, which included fraud and duress claims, the con-clusory allegations were unsupported by sworn evidence or allegations of fact. Heitmeyer v. Sasser, 664 So.2d 358, 360 (Fla. *426 4th DCA 1995)(citing Seinfeld v. Commercial Bank & Trust Co., 405 So.2d 1039 (Fla. 3d DCA 1981)).
Appellants, for the same reasons, failed to rebut Appellees’ sworn proofs of execution of the note and mortgage (executed in settlement of litigation) and failure to pay. Holl v. Talcott, 191 So.2d 40, 45 (Fla.1966). We further conclude that the allegations raised in Appellants’ brief do not support legal defenses of fraud and undue influence and that Appellants have failed to demonstrate an abuse of discretion in denying a continuance requested at the summary judgment hearing. Additionally, Appellants’ claims of invalid service of process are refuted by the record and their claims of homestead exemption, raised on appeal, even if properly pled, would have failed as a matter of law.
As did the trial court, we conclude that no material issues of fact are present and summary judgment is proper.
STEVENSON, C.J., STONE, J., and BATEMAN, THOMAS H., Ill, Associate Judge, concur.