C. B. MCLEOD, DOING BUSINESS AS LIVE OAK FURNITURE COMPANY, *Plaintiff in Error*, v. THE CITIZENS BANK OF LIVE OAK, A CORPORATION, *Defendant in Error*.

1. Where witnesses are examined in the presence of a referee his finding upon questions of fact is entitled to the same weight as the verdict of a jury.

2. A verdict supported by the evidence legally sufficient will not be disturbed by the appellate court even though there is a conflict in the evidence, unless the preponderance is such as to show improper influence upon the jury.

3. A mere receipt is only prima facie evidence of payment and may be explained or contradicted by parol evidence. To destroy its effect it must be overbalanced by other evidence laid before the jury which is to judge whether there is such a preponderance.

344      SUPREME COURT OF FLORIDA.

McLeod *et al.* v. Citizens Bank of Live Oak—Opinion of Court.

4.  Though the referee erred in not giving the defendant time to consider the grounds of a demurrer to his plea, the error was without injury where the defendant was not harmed by the ruling.

5.  Where, under the evidence, the referee could have legally given no other judgment than the one rendered, errors insisted upon are without injury.

This case was decided by Division B.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the Court.

*F. W. Butler* and *Humphreys & Harrell,* for Plaintiff in Error;

*Rees & Rees* and *Carter & McCollum,* for Defendant in Error.

PARKHILL, J.—The defendant in error sued the plaintiff in error in assumpsit on his promissory note for $1,500, interest, costs and reasonable attorney fee. The defendant filed a special plea as follows:

"And in a like sum for that the plaintiff, on, towit: the 13th day of September, 1907, was engaged in a banking business in Suwannee County, Florida, and did offer for sale and agreed to deliver to this defendant five shares of its stock at and for the sum of one hundred dollars per share, and thereupon the defendant agreed to take said five shares of the plaintiff's said bank stock at and for the sum aforesaid, and to that end paid to the plaintiff the said sum of five hundred dollars therefor.

Defendant avers that notwithstanding the said promise, undertaking and agreement of the said plaintiff as set out herein has failed, neglected and refused to sell and deliver to him the said five shares of its said bank stock or any of said shares, altho' the defendant has long since paid to the plaintiff the sum of money therefor as agreed.

Wherefore this defendant says that he is damaged in an amount equal to plaintiff's said claim. And this defendant is willing to set off all the aforesaid amounts of indebtedness due the defendant from the plaintiff, against the plaintiff's said claim."

To this plea the defendant filed a replication, and the cause was, by agreement, referred to J. P. Lamb, Esq., a practicing attorney, as referee, to hear and determine the same in accordance with the statute in such case made and provided.

The referee's findings and judgment are as follows:

In Circuit Court, Third Judicial Circuit of Florida, in and for Suwannee County.

| | |
|---|---|
| The Citizens Bank of Live Oak, a corporation under the laws of Florida, <br>     Plaintiff, <br>         v. <br> C. B. McLeod, trading and doing business under the style and firm-name of Live Oak Furniture Company, <br>     Defendant. | Assumpsit. <br> Damages $2000.00 |

FINDINGS AND JUDGMENT OF THE REFEREE.

The above stated and styled cause was referred to the undersigned as referee for trial in accordance with the

statute of the State of Florida in such case made and provided by order of Honorable B. H. Palmer, Judge of the above styled court, duly made and entered in open court at the Spring term thereof, held in and for Suwannee county, Florida, on the 6th day of May, A. D. 1910, and the same came on for trial before me upon issues joined between the parties on the 6th day of Sept., 1910, and both parties announcing ready for trial, the taking of testimony was begun, and pending the taking of same an adjournment was taken until the 12th day of Sept., 1910, and upon said last mentioned date the said parties and their attorneys being present further testimony was taken in behalf of said parties, respectively, and not being concluded by agreement of counsel an adjournment was taken until 19th day of September, 1910, and upon said last named date, the parties and their attorneys being present, further testimony was taken and thereupon upon an agreement of counsel an adjournment was taken until 26th day of September, 1910, and on said last named date the said parties and their attorneys being present, further testimony was taken and both parties having offered and concluded their evidence announced the taking of evidence closed:—

And thereafter, to-wit: on the —— day of September, 1910, counsel for the respective parties argued said cause and submitted to the undersigned for decision and judgment, and upon consideration of the said evidence I find as follows:

1. That the defendant on the 29th day of December, 1909, made, executed and delivered to the plaintiff the promissory note sued on.

2. That said defendant failed to pay the same at the maturity thereof and that the same has never been paid,

nor any part thereof, and that by reason of the failure of the defendant to pay the said note, it was given after maturity to an attorney for collection, and that this suit was brought to enforce its payment.

3.   That there is now due to the plaintiff by the defendant on account of the principal of said note, the sum of fifteen hundred ($1500.00) dollars, and the further sum of one hundred ($100.00) dollars, as accrued interest on said principal sum.

5.   That defendant's pleas of set-off are not, and neither of them is sustained by a preponderance of the evidence.

Therefore I find for the plaintiff and assess its damages as sixteen hundred ($1600.00) dollars, as principal and interest, and the further sum of two hundred ($200.00) dollars as a reasonable attorney's fee in this case.

And upon consideration of said findings it is thereupon considered, ordered and adjudged by the referee, that the plaintiff, the Citizens Bank of Live Oak, a corporation organized and existing under the laws of the State of Florida, do have and recover of and from the said defendant, C. B. McLeod, trading and doing business under the styles and firm name of Live Oak Furniture Company, the sum of sixteen hundred ($1600.00) dollars, as principal and interest, and the further sum of two hundred ($200.00) dollars as a reasonable attorney's fee, and the further sum of forty-nine & 63/100 ($49.63) dollars, as its cost in this behalf expended, for which execution may issue.

Done, ordered and adjudged at Live Oak, Florida, this the 1st day of October, A. D. 1910.

J. P. Lamb, Referee."

On writ of error it is contended the evidence does not support the finding of the referee.

The witnesses were examined in the presence of the referee, and his finding upon questions of fact is entitled to the same weight as the verdict of a jury. Camp v. First. Nat. Bank of Ocala, 44 Fla., 497, 33 South. Rep., 241. A verdict supported by the evidence legally sufficient will not be disturbed by the appellate court even though there is a conflict in the evidence, unless the preponderance is such as to show improper influence upon the jury. Carlton v. King, 51 Fla., 158, 40 South. Rep., 191; Lamps v. State, 51 Fla., 51, 40 South. Rep., 180.

We have carefully read and considered the evidence and while there is some conflict therein, we find it is ample to sustain the finding of the referee under the rule above announced.

The receipt offered by the defendant to show that he paid five hundred dollars to the Citizens Bank on account of ten shares of its stock is only prima facie evidence thereof. A mere receipt is only prima facie evidence of payment and may be explained or contradicted by parol evidence. To destroy its effect it must be overbalanced by other evidence laid before the jury which is to judge whether there is such a preponderance. 23 Am. & Eng. Ency. of Law (2nd ed.) 986. The defendant admits he did not pay five hundred dollars to the bank when he received the receipt, and that he did not turn the money over to the bank directly or personally at any time, but was to pay it through his partner, Mr. Barton, later on. This, then, shows that on the 3rd day of September, 1907, the bank did not receive from the defendant the five hundred dollars as expressed in the receipt. The defendant himself contradicted or explained away the receipt, and it becomes a question upon the evidence outside of the receipt whether the five hundred dollars were ever paid to the bank by the defendant. The defendant testified that

Mr. Barton was to draw a partnership draft for $3,000 to be deposited with the bank, five hundred dollars of which was to be credited to the defendant or applied for defendant in payment of the shares of stock. The evidence tends to show that the arrangement with Mr. Barton was never carried out—the five hundred dollars was never paid. Barton and Mickler, Cashier of the bank, said the money was not paid. The defendant himself admits he never paid the balance due on the stock, he never received any of the stock and never made a demand for the stock for two years thereafter. If payment of the five hundred dollars was ever made, why did not the defendant demand and receive at least five shares of stock? If he paid for them, he was entitled to them without waiting to pay for the whole number of ten shares. The evidence shows that the defendant claims to have paid the five hundred dollars to the bank in September, 1907, and never received the money back, and yet he executed the note sued on for $1,500 on December 29th, 1909. Why did not the defendant offset the five hundred dollars paid for stock against this note when he made it? Why did he not then claim the bank owed him five hundred dollars, and give his note for only one thousand dollars? Even if the defendant gave his partner the five hundred dollars to pay for the stock and this was never done, he could not offset this amount against his indebtedness to the bank. The evidence sustains the finding of the Referee. Even though the Referee erred in not giving the defendant time to consider the grounds of a demurrer filed by the plaintiff to defendant's plea, the defendant was not injured by the ruling, and the error was without injury.

The court did not err in overruling objection to the question propounded to the defendant as follows: "When did you pay over the sum for this stock?

The evidence offered and the questions asked and objected to were material as tending to explain or contradict the receipt, and to show no part of the draft for $3,000 was used to pay the $500 to the bank for the stock. We have considered all other errors assigned and in view of the evidence we do not see how the Referee could have rendered any other judgment than the one before us. The errors insisted upon are without injury under the evidence.

Finding no reversible error, the judgment is affirmed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.