HORTON, Judge.
The appellant was the defendant below and seeks reversal of a portion of a final judgment in favor of appellee which dismissed the appellant’s counterclaim.
The appellee brought an action seeking recovery of the sum of $1,000 allegedly loaned by appellee to appellant in 1957. The appellant answered admitting the allegations of the complaint and counterclaimed based upon an alleged account stated between the parties. The appellee replied to the appellant’s counterclaim by a general denial, and in addition, contended that the alleged claim was barred by the statute of limitations, § 95.11, Fla.Stat, F.S.A. The cause went to trial before the court without a jury upon the issues made on the counterclaim. After hearing testimony from appellant and appellee, the court rendered judgment on the appellant’s counterclaim adverse to him and he appeals.
 We affirm the judgment appealed. The record fails to disclose that any account stated was ever rendered by the appellant to the appellee or that any balance was ever agreed to by appellee. The account stated generally arises from the rendition of a statement of transactions between the parties with a failure on the part of the party to whom the account was rendered to object within a reasonable time or an expressed acquiescence in the account rendered. None of the elements which we have heretofore outlined are present in the case at bar. See 1 Fla.Jur., Accounts and Accounting, § 5, and United Hardware Furniture Co. v. Blue, 59 Fla. 419, 52 So. 364, 35 L.R.A.,N.S., 1038.
Accordingly the judgment appealed is affirmed.
Affirmed.