157 So.2d 716 (1963)
MIAMI SHORES VILLAGE, A MUNICIPAL CORPORATION, APPELLANT,
v.
WILLIAM DAVID LINGLER, APPELLEE.
No. 63-166.
District Court of Appeal of Florida, Third District.
November 19, 1963.
Rehearing Denied December 10, 1963.
Dean, Adams & Fischer, Miami, for appellant.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Fowler, White, Gillen, Humkey & Trenam, Miami, for appellee.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
PEARSON, TILLMAN, Judge.
The defendant, Miami Shores Village, appeals from a final judgment entered pursuant to a jury verdict. The record reveals that the plaintiff-appellee was injured when he tripped and fell over exposed reinforcing rods of a concrete parking bumper. These rods extended out over the sidewalk. There is evidence, which if believed by the jury, is sufficient to establish that the defective concrete parking bumper was one placed by the City adjacent to and on the same level with the sidewalk. There is no evidence that the dangerous condition caused by the defective bumper protruded over the sidewalk for a sufficient length of *717 time to put the City on notice of such fact. Upon the other hand, there is evidence that the broken bumper was so discolored and weathered as to establish that it had existed in a broken and therefore dangerous condition for a long period of time. This evidence is a sufficient basis for the jury's finding that the bumper had existed in a dangerous condition over a sufficient period of time to put the defendant-City on notice of the danger involved. See City of Jacksonville v. Foster, Fla. 1949, 41 So.2d 548. By permitting such a dangerous condition to exist, the City created an unreasonable risk that the bumper would be moved and cause injury to a passer-by because the risk reasonably to be foreseen included the possibility that the bumper, left readily accessible to automobiles being parked, would be moved about and become a hazard to persons on the adjoining sidewalk. Mosley v. Arden Farms Co., 26 Cal.2d 213, 157 P.2d 372, 158 A.L.R. 872 (1945). See Peairs v. Florida Publishing Co., Fla.App. 1961, 132 So.2d 561.
Appellant's main argument upon this appeal is that there was not sufficient proof of notice to the City for it to be liable to the plaintiff. While this court may not always agree with the conclusion of the jury from the evidentiary facts presented, we are bound to affirm where there is a reasonable finding from sufficient evidence.
Affirmed.
CARROLL, J., dissents.