BARKDULL, Judge.
This appeal involves the propriety of a final judgment rendered in an action founded on account stated and/or quantum meruit for services rendered. The complaint alleged a joint liability and sought a joint judgment. The complaint was met with an answer denying liability and alleging the defense of payment, plus estoppel by fraud and deceit. Following the cause being at issue, the matter was duly submitted to a jury which returned a verdict in favor of the plaintiff for an amount less than that sought as an account stated, but well within the evidence as to the count sounding in quantum meruit.
The appellants have preserved for review the propriety of the trial court’s failing to direct a verdict, when the defendants introduced into evidence a statement reading as follows:
“After examining my costs and fees, I have concluded that I am paid current and up to date.
/s/ Jerry Sokolow
JERRY SCKOLOW CPA”
If there had been no evidence of the explanation of this statement tendered by the plaintiff, certainly the defendants might have been entitled to a directed verdict. See: McLeod v. Citizens Bank of Live Oak, 61 Fla. 343, 56 So. 190; 40 Am.Jur., Pay *777 ments, § 298 ; 70 C.J.S. Payment § 125; 19 F.Lp., Payment, § 36; 1 Am.Jur.2d, Accounts and Accounting, § 40. However, the evidence before the trial judge, at the time of ruling on the motion for directed verdict from the plaintiff, was to the effect that the statement was given without consideration for the purpose of enabling certain stockholders of the defendant corporations to gain control thereof and, in the event they were successful [which they were], said statement was to be considered of no force and effect. It was .proper for the judge to submit these conflicting issues to the jury and for the jury to resolve them. They resolved them adverse to the defendants and, in fact, found that there was an amount due the plaintiff.
The defense of estoppel by fraud and deceit was not proper under the evidence, as no detrimental change in position occurred to the corporations by the execution of the statement. The fraud, if any, was on the stockholder who sold out his interest.
As to the question of joint liability, this was also a matter put in issue by the pleadings and the evidence, and it was within the province of the jury to resolve this issue in favor of the plaintiff and to render a joint verdict. The record contains substantial, competent evidence to support the final judgment rendered on á jury verdict and, therefore, we are required to affirm same, no other errors appearing. See: Food Fair Stores of Florida, Inc. v. Vallarelli, Fla.App.1958, 101 So.2d 161; Fuote v. Maule, Fla.App.1962, 143 So.2d 563; Miami Shores Village v. Lingler, Fla.App. 1963, 157 So.2d 716; Thal v. Roth, Fla.App. 1965, 173 So.2d 174.
Affirmed.