LILES, Judge.
A controversy arose over who were the officers and therefore in control of The Azar Corporation. Guy S. Azar, Sr. prevailed upon the court to have a receiver appointed and after testimony before a special master it was found that Denis Azar and Marie E. Azar were the duly elected officers and directors of The Azar Corporation. The trial judge entered his order declaring this to be the case and further restrained Guy S. Azar, Sr. and Denise V. Azar from representing themselves as officers of said corporation and discharged the receiver.
Further hearings were held by another special master and following his report the trial judge reversed this special master and charged all costs of the litigation to The Azar Corporation in derogation of the master’s report, which in part reads as follows:
“5. The costs of this litigation should be divided into those costs incurred prior to April 1, 1971, and those incurred subsequent to April 1, 1971. The costs incurred prior to April 1, 1971 should be assessed to Guy Azar and credited against the judgment in his favor against the corporation. The costs incurred subsequent to April 1, 1971, should be divided equally between Guy Azar and The Azar Corporation. The Azar Corporation should receive credit for all costs heretofore paid by it.”
This is contrary to Fla.Stat. § 57.041, F.S.A.
“57.041 Costs; recovery from losing party. (1) The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment.”
We believe the trial judge should have accepted the master’s report regarding the costs of the litigation. See McLeod v. Citizens Bank of Live Oak, Fla.1911, 61 Fla. 343, 56 So. 190; Holland v. Cross, Fla.1956, 89 So.2d 255.
We have examined the other points assigned as error and find them to be moot.
Reversed and remanded for action consistent with this opinion.
PIERCE, C. J., and HOBSON, J., concur.