MILLS, Judge.
Irby appeals the summary denial of his motion for postconviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. In his motion, he alleges numerous grounds, among them the denial of various motions by the trial court, error by the court in holding a joint trial with his codefendant, and failure to grant requests for certain standard jury instructions. The final ground stated by Irby is the ineffective assistance of his appellate counsel. His conviction was affirmed in Chapman, et al. v. State, 399 So.2d 1149 (Fla. 1st DCA 1981). The trial court denied the motion, stating that all grounds raised by Irby were improperly raised in a Rule 3.850 motion. We agree and affirm.
All of the grounds for relief raised by Irby, with the exception of the final ground, either were or could have been raised during the direct appeal of his conviction. This defect has been found sufficient to support the summary denial of a Rule 3.850 motion. See Alday v. State, 431 So.2d 714 (Fla. 1st DCA 1983).
The motion is also deficient in that it does not set forth sufficient facts to support the claim for relief but, rather, only conclusions of law. The assertion of conclusions of law without specific allegations of fact in support is not adequate in making a claim for relief under Rule 3.850. See McElroy v. State, 436 So.2d 417, 418 (Fla. 1st DCA 1983); Moore v. State, 453 So.2d 148 (Fla. 1st DCA 1984) (opinion filed July 13, 1984). These defects render the motion facially insufficient, see Evans v. State, 393 So.2d 80, 81 (Fla. 5th DCA 1981).'
The proper method by which to raise allegations of ineffective assistance of counsel is by petition for writ of habeas corpus directed to the appellate court which considered the appeal, see Knight v. State, 394 So.2d 997 (Fla.1981).
We affirm the trial court’s summary denial of Irby’s Rule 3.850 motion.
BOOTH and BARFIELD, JJ., concur.