462 So.2d 605 (1985)
HOME HEALTH SERVICES OF SARASOTA, INC., a Florida Corporation, Appellant,
v.
McQUAY-GARRETT, SULLIVAN & COMPANY, a Florida Corporation, Appellee.
No. 84-1079.
District Court of Appeal of Florida, Second District.
January 25, 1985.
*606 R. Stephen Houpe, Sarasota, for appellant.
Fred L. Buckine of Johnson & Buckine, P.A., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Home Health Services of Sarasota, Inc., a Florida corporation, appeals from a final summary judgment entered in favor of the appellee, McQuay-Garrett, Sullivan & Company, a Florida corporation. We reverse.
Appellee filed an action against the appellant seeking damages, on an account stated, in the amount of $26,449. In its responsive pleading, appellant alleged as one of its affirmative defenses that it was entitled to a set-off for sums it had paid to appellee's agent.
Appellee filed a motion for summary judgment. A portion of one of appellee's affidavits filed in support of the motion stated that $26,449 was due on the account and that there existed no known set-offs to the account. Appellant's affidavit in opposition to the motion stated that, in addition to the amounts paid directly to appellee for which it had received credit on the account, it had paid $13,650 on the account to appellee's authorized agent. The trial court found that the appellee had established an account stated and that the appellant's affirmative defenses and supporting affidavit did not raise a genuine issue of material fact. A summary judgment was entered in favor of the appellee, and the appellant filed a timely notice of appeal.
We find that the record reflects the existence of a genuine issue of material fact concerning partial payment; accordingly, we hold that the trial court erred in awarding a summary judgment to the appellee. See Monroe v. Appelton, 419 So.2d 356 (Fla. 2d DCA 1982); Krest-View Nursing Home, Inc. v. Sokolow, 177 So.2d 775 (Fla. 3d DCA 1965).
The trial court properly held that an account stated had been established. See Merrill-Stevens Dry Dock Co. v. "Corniche Express," 400 So.2d 1286 (Fla. 3d DCA 1981); Dutch Inns of America, Inc. v. Jenkins, 301 So.2d 119 (Fla. 3d DCA 1974). An account stated is prima facie evidence of the correctness of the items it contains and of the liability of a party for those items. One claiming under an account stated is not entitled, however, to the benefit of an absolute estoppel. The presumption of correctness may be overcome by proof of fraud, mistake, or error. The burden of establishing those defenses is on the party asserting them, and unless that party carries the burden, the presumptive correctness of the account stated becomes conclusive. Gendzier v. Bielecki, 97 So.2d 604 (Fla. 1957).
Appellant's pleading and affidavit do not specifically allege error or mistake, but where affidavits submitted pursuant to a motion for summary judgment show that a genuine issue of material fact exists, we should look beyond the issues presented in the pleadings. A party should not be deprived of his full day in court if the record indicates that he has a bona fide potential defense. Beckerman v. Greenbaum, 347 So.2d 141 (Fla. 2d DCA 1977). If the appellant, at trial, can prove that it made payments to an authorized agent of appellee and that because of mistake or error these payments were not credited to its account, proper credit should be given. Withers v. Sandlin, 44 Fla. 253, 32 So. 829 (1902).
*607 Reversed and remanded for proceedings consistent herewith.
GRIMES, A.C.J., and SCHEB, J., concur.