SHIVERS, Judge.
Defendant Jackson filed a motion for post-conviction relief raising two grounds: (1) that the trial court erred in accepting his guilty plea without questioning him regarding his understanding of the consequences of retention of jurisdiction; and (2) that the trial court erred in retaining juris-
diction over his sentence without stating its justification for doing so with particularity, according to section 947.16(3)(a), Florida Statutes (1981). The trial court summarily denied the motion after finding it to be legally insufficient to justify relief. We find that appellant might be entitled to relief if he establishes the allegations set forth in his motion. See State v. Green, 421 So.2d 508 (Fla.1982) and Cahill v. State, 489 So.2d 1219 (Fla. 2d DCA 1986). We therefore reverse and remand for the trial court to either attach the portions of the record and files which conclusively show that appellant is not entitled to relief or to order the State Attorney to file an answer or other pleading pursuant to Fla. R.Crim.P. 3.850.
REVERSED and REMANDED.
SMITH and ZEMMER, JJ., concur.