497 So.2d 962 (1986)
Robert G. DeATLEY and Judith A. DeAtley, His Wife, Appellants,
v.
Raymond R. McKINLEY, Appellee.
No. BJ-300.
District Court of Appeal of Florida, First District.
November 18, 1986.
*963 J. Thomas McKeel of Gelman, McKeel & Gordon, Jacksonville, for appellants.
Raymond B. Joseph of Fischette, Parrish, Owen & Held, Jacksonville, for appellee.
ERVIN, Judge.
Appellants Robert G. DeAtley and Judith A. DeAtley appeal the trial court's entry of summary final judgment. We find that the trial court abused its discretion in denying the appellants' motions for continuance and relief from admissions, as well as in failing to consider the defenses raised by them in opposition to the motion for summary judgment. We reverse and remand.
Robert DeAtley entered into a written agreement with Equity Investment Group, Ltd., to pay $37,500 in return for a three-day investment seminar. The mortgage note for $7,500 which DeAtley signed as a down payment was subsequently assigned to Raymond McKinley, the appellee.
McKinley then filed a complaint against both Robert and Judith DeAtley, alleging that the note was in default. The appellants filed an answer pro se, generally denying the allegations in the complaint, but asserting no affirmative defenses thereto. McKinley subsequently filed two requests for admissions, and a motion for summary judgment. On the day before the hearing on motion for summary judgment, the DeAtleys, apparently realizing the gravity of the situation, consulted with an attorney who immediately filed a belated response to the request for admissions, an affidavit in opposition to summary judgment, as well as a motion for relief from admissions and a motion for continuance.
It was only the appellants' failure to respond timely to the request for admissions which, upon being deemed admitted by the court, created a summary judgment issue. This case is similar to Melody Tours, Inc. v. Granville Market Letter, 413 So.2d 450 (Fla. 5th DCA 1982), wherein the response to the request for admissions was filed 77 days late. As in Melody Tours, the withdrawal of the technical admissions and acceptance of the belated response would serve to facilitate the presentation of the case on its evidentiary merits, without prejudice to the appellee. See Rule 1.370(b), Florida Rules of Civil Procedure.
We also concur with the holding of the Second District, recognizing that in a summary judgment proceeding, the trial court should look beyond the pleadings to determine whether genuine material facts are in dispute. Home Health Services of Sarasota, Inc. v. McQuay-Garrett, Sullivan & Co., 462 So.2d 605 (Fla. 2d DCA 1985); Monroe v. Appelton, 419 So.2d 356 (Fla. 2d DCA 1982). The affirmative defenses raised in the appellants' affidavits in opposition to summary judgment, although not properly pled, disclose the existence of genuine issues of material fact. The appellants should not be deprived of their day in court merely because they failed to retain counsel, who could have properly and timely raised the affirmative defenses in the answer.
The judgment is REVERSED and the cause REMANDED, with directions to the trial court to allow the appellants to amend *964 their answer by filing proper defense to appellee's action.
WIGGINTON and BARFIELD, JJ., concur.