501 So.2d 90 (1987)
James STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BM-203.
District Court of Appeal of Florida, First District.
January 15, 1987.
*91 James Stanley, pro se.
No appearance for appellee.
SMITH, Judge.
This is an appeal from an order summarily denying postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We find it necessary to reverse and remand.
Appellant's motion for postconviction relief essentially raised four claims: (1) inducement of nolo contendere plea without full disclosure of consequences of plea; (2) illegal retention of jurisdiction over one-third of sentence; (3) ineffective assistance of counsel; and (4) denial of right to appeal.
We find merit only with respect to appellant's first claim. Appellant alleges that he was not advised of the trial court's authority to retain jurisdiction over one-third of his sentence. This charge, if true, would entitle appellant to relief. If a trial judge wishes to retain jurisdiction, a defendant must be advised prior to pleading nolo contendere that the court is authorized to retain jurisdiction over a portion of his sentence. State v. Green, 421 So.2d 508 (Fla. 1982); Jackson v. State, 497 So.2d 962 (Fla. 1st DCA 1986).
Appellant further alleges that the trial court did not reduce count one to robbery as per the nolo contendere agreement. Again, if true, appellant is entitled to relief. Although the court is not bound to follow the terms of the plea bargain, it must give appellant the opportunity to withdraw his plea once it decides not to impose a sentence in accordance with the bargain. Fla.R.Crim.P. 3.172(g); Davis v. State, 308 So.2d 27 (Fla. 1975); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986).
As to appellant's allegation that he was not advised of which issues could be reserved for appeal, we note that Florida *92 Rule of Criminal Procedure 3.172(c)(iv) requires the trial court to inform the defendant that a plea of nolo contendere forecloses appellate review of all issues not expressly reserved. However, appellant has not alleged any facts which would support appealable issues in this context.
Since the trial court's order denying relief fails to have attached portions of the record demonstrating that appellant is entitled to no relief, the portion of the trial court's order pertaining to the first claim is reversed and the cause remanded to the trial court. On remand, the trial court may either again summarily deny the motion as to these allegations and attach to the order those portions of the record which conclusively show that appellant is not entitled to relief, or order the state attorney to file an answer or other pleading pursuant to the provisions of Florida Rule of Criminal Procedure 3.850. Jackson v. State, supra.
Appellant's second claim is without merit. Section 947.16(3), Florida Statutes (1981), authorizes the trial court to retain jurisdiction over a defendant who commits certain enumerated crimes, such as robbery. The statute also provides that "when any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge ... shall apply to one-third of the total consecutive sentences imposed." In the instant case, appellant pled nolo contendere to armed robbery, auto theft and leaving the scene of an accident. All three crimes were felonies, and the court imposed consecutive sentences of 45 years, 5 years, and 1 year, respectively. The trial court retained jurisdiction of 17 years (one-third of the total consecutive sentences imposed).
Appellant's third claim, ineffective assistance of counsel, is likewise without merit. Appellant's reference to "guidelines" is unclear. However, the sentencing guidelines were not in effect when appellant was sentenced, and the motion is facially insufficient to show entitlement to relief on this ground. Irby v. State, 454 So.2d 757 (Fla. 1st DCA 1984). The only fact alleged in appellant's 3.850 motion in support of this claim is that his defense counsel refused appellant's request to reserve for appeal the trial court's failure to follow "prescribed guidelines for proper sentencing."
Appellant's fourth and last claim is also without merit. A plea of nolo contendere forecloses appeal of any issue, not specifically reversed for appellate review other than the facial sufficiency of the charging document. Santos v. State, 380 So.2d 1284 (Fla. 1980).
REVERSED and REMANDED.
SHIVERS and ZEHMER, JJ., concur.