PER CURIAM.
The state appeals, contending the trial court erred in departing below the recommended guidelines sentence, following the defendant’s plea of guilty. The defendant *1210 disagrees but further argues that if the trial court erred, he should be able to withdraw his plea of guilty, citing State v. Walden, 476 So.2d 771 (Fla. 3d DCA 1985) and Stanley v. State, 501 So.2d 90 (Fla. 1st DCA 1987).
We hold that the trial court erred in departing below the guidelines sentence because its stated reason lacked any eviden-tiary basis in the record. See Tanner v. State, 468 So.2d 505 (Fla.2d DCA 1985); Wyman v. State, 459 So.2d 1118 (Fla. 1st DCA 1984). Accordingly, we reverse the sentence and remand for resentencing.
We further hold that the defendant is not entitled to withdraw his plea. While Walden contains no express rationale, it cites State v. Davis, 464 So.2d 195 (Fla. 3d DCA 1985), which involved a plea bargain, as did Stanley. In this case, the defendant pleaded “open.” There is no record of any plea bargain; thus no reason — in our view — to permit withdrawal of the plea.
HERSEY, C.J., and GLICKSTEIN and GUNTHER, JJ., concur.