515 So.2d 1049 (1987)
Roberto SURIS, Appellant,
v.
TROPICAL FEDERAL SAVINGS & LOAN ASSOCIATION, Appellee.
No. 87-752.
District Court of Appeal of Florida, Third District.
November 24, 1987.
Joel V. Lumer, Miami, for appellant.
*1050 Alonso & Alonso and Jorge E. Alonso, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
Tropical Federal Savings and Loan [Tropical Federal] filed a complaint against Roberto Suris alleging that Suris had failed to make installment payments on the promissory note it contended he executed and delivered to Tropical Federal. Suris answered the complaint, denying every allegation. Tropical Federal then filed a motion for summary judgment and a supporting affidavit. In opposition to the motion, Suris filed an affidavit in which he swore that the signature on the promissory note was not his. Nevertheless, the trial court entered summary judgment in favor of Tropical Federal. Suris appealed, challenging the trial court's failure to consider the defenses he presented in the affidavit opposing summary judgment and the trial court's consequent entry of final judgment in favor of Tropical Federal. We reverse.
Although the failure to plead an affirmative defense waives the issue, Syncom Corp. v. Bank Leumi Trust Co. of N.Y., 479 So.2d 207 (Fla. 3d DCA 1985); SAC Constr. Co. v. Eagle Nat'l Bank of Miami, 449 So.2d 301 (Fla. 3d DCA 1984); see Lipton v. Southeast First Nat'l Bank, 343 So.2d 927 (Fla. 3d DCA 1977) (forgery must be raised by specific allegation in answer); § 673.307, Fla. Stat. (1985), and mere assertions in an affidavit do not constitute a well-pled defense to a motion for summary judgment, Accurate Metal Finishing Corp. v. Carmel, 254 So.2d 556 (Fla. 3d DCA 1971)[1], an appellate court may look beyond the issues presented in the pleadings to ensure that a party is "not deprived of his full day in court by summary proceedings, if the record indicates that he has a bona fide potential cause of action or defense." Forte v. Tripp & Skrip, 339 So.2d 698, 700 (Fla. 3d DCA 1976). Accord DeAtley v. McKinley, 497 So.2d 962 (Fla. 1st DCA 1986); Home Health Servs. of Sarasota, Inc. v. McQuay-Garrett, Sullivan & Co., 462 So.2d 605 (Fla. 2d DCA 1985); see Dalcamp, Inc. v. First Nat'l Bank of Hialeah, 366 So.2d 153 (Fla. 3d DCA 1979) (where plaintiff moved for summary judgment which the trial court granted, defendant may amend pleadings). Contra Wyman v. Robbins, 513 So.2d 230 (Fla. 1st DCA 1987). In the case before us, the record disclosed such a defense to the motion for summary judgment. Defendant's affidavit raised the existence of a genuine issue of material fact, and the trial court should have denied the motion.
Our disposition of this issue makes it unnecessary to reach Suris' additional point.
Reversed and remanded.
NOTES
[1] But see Coral Ridge Prop. v. Playa Del Mar Ass'n, 505 So.2d 414 (Fla. 1987) (defendant may file a motion for summary judgment without first asserting affirmative defense in answer).