518 So.2d 991 (1988)
ROBERT C. MALT & COMPANY, and Robert C. Malt, Individually, Appellants,
v.
KELLY TRACTOR COMPANY, Appellee.
No. 87-0062.
District Court of Appeal of Florida, Fourth District.
January 27, 1988.
Garry M. Glickman and Sarah B. Mayer of Glickman, Witters and Marell, West Palm Beach, for appellants.
William H. Benson of Benson, Stalions & Moyle, Fort Lauderdale, for appellee.
STONE, Judge.
The defendants appeal from a summary final judgment on a creditor's claim based upon an account stated and an open account for goods sold.
Kelly Tractor Company alleges that appellant Malt was indebted for parts identified on an invoice. Kelly's complaint alleged that Malt had not objected to the statement and had expressly or impliedly agreed to it. The defense was a general denial of each of the essential paragraphs. Kelly's affidavit in support of its motion for summary judgment was a simple statement by its credit manager that the allegations were true.
The appellants filed three affidavits in opposition to the summary judgment, and in support of a motion for rehearing. First, an employee stated that he had inspected appellants' tractor and determined that a majority of the parts listed on the invoice were not used in it, nor did appellants own any other equipment that could use those parts. Next, Malt, appellant's president, essentially stated that appellants never owned any other equipment, other than the tractor referred to, that would use the products in the invoice. In his final affidavit Malt stated that neither he, personally, nor his company owed the full amount claimed, nor did they receive the majority of the parts listed on the invoice. The affidavits did not specify which portion of the invoice the defendants admitted was due. However, it is clear that the affidavits asserted by inference that the invoice *992 was inaccurate, since some of the goods were not delivered.
Generally, an account stated is established where a debtor does not object to a bill from his creditor within a reasonable time. See, e.g., Martyn v. Amold, 36 Fla. 446, 18 So. 791 (1895); Dudas v. Dade County, 385 So.2d 1144 (Fla. 3d DCA 1980); Rauzin v. Kupper, 139 So.2d 432 (Fla. 3d DCA 1962). The invoice was dated August 31, 1985. The creditor's complaint was filed some four months later in January 1986. Appellee consequently asserts that the general denial followed by the affidavits in opposition to the motion for summary judgment constitutes a failure to respond within a reasonable time.
Kelly further contends that the pleadings do not reflect appellants' defense, and that the affidavits do not clearly address the issues. Appellants, however, argue that they are entitled to have the issues considered in the light most favorable to them, as the non-moving parties. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966). They further contend that they are entitled to the benefit of any inferences which may be drawn from the affidavits. See Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965).
In Dudas v. Dade County, a summary judgment in favor of a creditor was affirmed where there was a gap of six years between a statement and a demand for a refund of an overpayment. The court approved the trial court's finding, as a matter of law, that there had been no objection within a reasonable time. Generally, however, a debtor may overcome the presumption of correctness of an account stated by meeting the burden of proving fraud, mistake or error. See, e.g., Gendzier v. Bielecki, 97 So.2d 604 (Fla. 1957); Home Health Services of Sarasota v. McQuay-Garrett, Sullivan & Company, 462 So.2d 605 (Fla. 2d DCA 1985).
The denials in appellants' answer do not specifically raise error or mistake as an affirmative defense. However, the affidavits submitted by appellants do raise genuine issues of fact which, if proved and accepted at trial, would overcome the presumption of correctness of an account stated. The fact that this defense was not more specifically raised in the answer should not deprive appellants of their day in court. Cf. DeAtley v. McKinley, 497 So.2d 962 (Fla. 1st DCA 1986); Home Health Services of Sarasota v. McQuay-Garrett, Sullivan & Company, 462 So.2d 605 (Fla. 2d DCA 1985).
We, therefore, reverse the summary final judgment and remand for further proceedings. We further note, for the benefit of the trial court, that a substantial amount of the sums allegedly due have been acknowledged, in oral argument, as undisputed.
GLICKSTEIN, J., and BLOOM, PHILIP, Associate Judge, concur.