PARKER, Judge.
Florida National Bank (bank) appeals a summary final judgment entered in favor of the law firm of Carr & Schnell (attorneys). We reverse.
The attorneys filed a four-count complaint against the bank, labeling the counts as account stated, open account, services rendered, and costs incurred. The complaint sought to recover attorneys’ fees and costs incurred when the attorneys represented the bank in collection actions against twelve bank customers.
The attorneys filed a motion for summary judgment with supporting affidavit. The affidavit indicated the following: the bank’s predecessor retained the attorneys to perform collection work; the attorneys rendered invoices to a representative of the bank; the balances reflected on the invoices were true and correct; and the bank never objected to the rendered statements. The bank filed an affidavit in opposition to the motion for summary judgment, stating the following. The parties orally agreed that the attorneys would receive $100 for each file they handled and would receive further compensation only in the event the bank recovered attorneys’ fees from collections on the final judgments. The bank’s affidavit further stated that the bank did not collect any part of the judgments on ten cases upon which the attorneys had sued and that the bank, as agreed, had paid the $100 to the attorneys in each of those accounts. The affidavit continued that the bank did collect on one of the judgments *218 and had paid the attorneys in full on that account. Lastly, the affidavit stated that the bank had paid the attorneys all monies due and that no amount remained outstanding.
After a hearing on the motion for summary judgment, the trial court ruled that genuine issues of material fact existed as to the second count, which was for account stated,[1] but that there were no genuine issues of material facts relating to the remaining counts. The trial court entered a summary final judgment for the attorneys on those three counts,[2] which effectively disposed of the complaint.[3]
We find that the bank’s affidavit presented a genuine issue of material fact. Accordingly, the summary judgment must be reversed. See Home Health Services of Sarasota, Inc. v. McQuay-Garrett, Sullivan & Co., 462 So.2d 605 (Fla. 2d DCA 1985); Beckerman v. Greenbaum, 347 So.2d 141 (Fla. 2d DCA 1977).
REVERSED AND REMANDED.
DANAHY, A.C.J., and LEHAN, J., concur.

.The attorneys mislabeled the counts. Although the attorneys labeled the first count as "account stated,” the allegations in the first count set forth a claim for open account. The attorneys mislabeled the count which followed as "open account"; however, the allegations in that count constitute a claim for account stated.

. The trial judge entered summary judgment on counts I, III, and IV which were for open account, services rendered, and costs incurred, respectively.

. The counts for open account and account stated were for the same amount of damages and essentially were alternative theories for recovery.