581 So.2d 212 (1991)
5G'S CAR SALES, INC., et al., Appellants,
v.
FLORIDA DEPARTMENT OF LAW ENFORCEMENT, Appellee.
No. 90-2902.
District Court of Appeal of Florida, Third District.
June 4, 1991.
Weiner, Robbins, Tunkey, Ross, Amsel & Raben and Benjamin S. Waxman, Miami, for appellants.
Susan L. Somers, Florida Dept. of Law Enforcement, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
SCHWARTZ, Chief Judge.
The summary judgment under review is reversed because the record plainly raises genuine issues, concerning virtually all of the material facts, which may properly be resolved only by trial. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
In defending the summary judgment, the appellee has attempted to rely upon Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and their progeny. Although the judgment before us was plainly erroneous under any standard, including Celotex, it should be emphasized that, to the extent that they tend to loosen the restrictions on the use of summary judgment, these cases are based upon language in the federal rule, Federal Rule of Civil Procedure 56, which is not contained in Florida Rule of Civil Procedure 1.510.[1] Hence, Celotex and similar cases do not represent the law of Florida on the issue. Our law continues to be that expressed in Holl v. Talcott, 191 So.2d at 40; Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966) and the numberless cases which follow them.
Reversed.
NOTES
[1] The Civil Procedure Rules Committee of the Florida Bar has rejected a proposal that the Florida rule be conformed to the federal one.