PER CURIAM.
We reverse the summary judgment based upon a finding that genuine issues of material fact remain unresolved, including whether the promissory note secured payment for aircraft parts purchased by and delivered to Bailen Automocion, S.A. See Suris v. Tropical Fed. Sav. & Loan Ass’n, 515 So.2d 1049 (Fla. 3d DCA 1987); Home Health Serv. of Sarasota, Inc. v. McQuay-Garrett, Sullivan & Co., 462 So.2d 605 (Fla. 2d DCA 1985); see also Gulotty v. Estate of Wilkie, 532 So.2d 1335 (Fla. 3d DCA 1988); Robert C. Malt & Co. v. Kelly Tractor Co., 518 So.2d 991 (Fla. 4th DCA 1988). The record discloses that the parties were involved in complex business relationships and transactions resulting in claims and counterclaims which should not be resolved in summary proceedings. 5G’s Car Sales, Inc. v. Florida Dept. of Law Enforcement, 581 So.2d 212 (Fla. 3d DCA 1991) (“[T]he record plainly raises genuine issues, concerning virtually all of the material facts, which may properly be resolved only by trial.”). Accordingly, the cause is remanded for proceedings consistent with this opinion.
Reversed and remanded.