## CIRCUIT COURT OF FAIRFAX COUNTY

Erie Insurance Group

v.

Michael Lee Emert and
Allen Baxter Marchione

March 2, 1994

Case No. (Law) 126411

By Judge Rosemarie Annunziata

In this case, defendant Allen Baxter Marchione failed to timely respond, through counsel, to requests for admission filed by plaintiff on December 7, 1993. On February 2, 1994, plaintiff moved to have the requests admitted. Plaintiff in this matter is the Erie Insurance Group which seeks to have declaratory judgment entered against co-defendant Michael Lee Emert, denying Emert coverage for any liability incurred as a result of an automobile accident which involved defendant Marchione's vehicle on March 22, 1993. The claim is based on an allegation that Emert intentionally caused the damages to defendant Marchione, an act excluded under Erie's policy.

Marchione's counsel failed to timely file a response to the requests on the ground that he believed that counsel for the insurance carrier to whom Marchione's subrogation rights had been assigned more properly represented Marchione's interests and that an order substituting counsel was going to be entered. Counsel for plaintiff, however, remained counsel of record during the period when the requests for admission should have been answered. He untimely filed an answer on Marchione's behalf a few days before the hearing on the motion, specifically denying request for admission No. 14 on the ground that it was factually untrue. Counsel for Emert also objected to the motion to have the matters admitted as such admissions could not be binding on Emert who had specifically denied the requests.

In reviewing the matter before me, I have considered the law applicable to motions to permit withdrawal or amendment of an admission, as the principles appear applicable to the issue. *See* 4A James W. Moore et al., *Moore's Federal Practice*, para. 36.08 (2d ed. 1993). In those cases addressing the question in that context, it has been held that the court may permit such withdrawal or amendment upon a finding that "the presentation of the merits of the action will be served thereby," and that "the party who obtained the admission fails to satisfy the court that the withdrawal or amendment will prejudice that party in maintaining the action . . . on the merits." *Id.*; *See also Smith v. First National Bank of Atlanta*, 837 F.2d 1575 (11th Cir. 1988); *Vermont v. Staco, Inc.*, 684 F. Supp. 822 (D. Vt. 1988); *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192 (D. Conn. 1976); *DeAtley v. McKinley*, 497 So. 2d 962 (Fla. App. 1986); *Riberglass, Inc. v. ECO Chemical Specialties, Inc.*, 390 S.E.2d 616 (Ga. App. 1990).

Applying these principles, I find that the plaintiff's motion to have certain admissions deemed admitted is granted in part and denied in part. Specifically, request for admission number 14 shall not be deemed admitted.