# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Shahrokh Hatami

v.

R. K. Chevrolet, Inc., et al.

October 20, 1997

Case No. (Law) CL97-1089

BY JUDGE JEROME B. FRIEDMAN

The defendants have filed a request for an extension of time in which to respond to the plaintiff's two sets of requests for admissions. The parties do not dispute that defendants responded to the requests for admission more than twenty-one days after they were filed, in violation of Rule 4:11 of the Rules of the Supreme Court of Virginia. Defendant Marone's responses were two days late, while defendant R. K. Chevrolet's responses were nine days late.

Both defendants now request that the court extend the time for their responses so that they may be deemed timely filed. Plaintiff objects to the extension of time and requests that all of the requests for admission be deemed admitted, pursuant to Rule 4:11(a).

The plain terms of Rule 4:11(a) provide:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 21 days after service of the request, *or within such shorter or longer time as the court may allow*, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney ... . [Emphasis added.]

Clearly, Rule 4:11 grants to the court the authority to permit a longer period of time in which to answer or object to a request for admission. The plaintiff does not argue that the court lacks such authority. Instead, the

plaintiff argues that the court, in its discretion, should decline to permit an extension in this case because of the defendants' alleged "bad faith" conduct throughout the discovery process. Specifically, the plaintiff points to defendants' numerous objections to the requests for admission, which plaintiff characterizes as "frivolous," as well as defense counsel's instruction to defendants not to answer certain questions during depositions.

The court is of the opinion that when ruling on this type of request for an extension of time, the court should consider the same factors enumerated in Rule 4:11(b) for requests to withdraw or amend admissions. *See Erie Ins. Group v. Emert*, 33 Va. Cir. 269 (Fairfax County, 1994). Applying those same principles to the case at bar, the court finds that the presentation of the merits of this action would be served by granting the defendants the extension of time. Further, the plaintiff has failed to satisfy the court that permitting the extension would prejudice him in the prosecution of his action. This matter is scheduled for trial on February 11, 1998, leaving the parties ample time to resolve the defendants' objections to the requests and permit plaintiff to properly prepare his case.

To the extent that plaintiff alleges that defendants' conduct in objecting to the requests for admission and refusing to answer deposition questions constitutes "bad faith," it is noted that Rule 4:12 provides for the imposition of sanctions in appropriate circumstances. Consequently, should plaintiff wish to pursue his claim of bad faith, another more appropriate avenue for doing so exists under Virginia rules.

Both counsel are advised that the court has received the parties' briefs in support of and in opposition to the pending demurrer. The court continues to have the demurrer under advisement and will issue its ruling by letter opinion as soon as possible.