## CIRCUIT COURT OF WISE COUNTY

Robert R. Trent

v.

Nationwide Mutual Ins. Co.

Robert R. Trent

v.

David Johnny W. Powers

November 13, 1997

Case Nos. L97-66 and L97-145

BY JUDGE J. ROBERT STUMP

These actions involve personal injuries from an automobile accident and medical payment claims.

The plaintiff has filed and argued motions for summary judgment against both above defendants based on late answers to Request for Admissions deemed admitted per Rule 4:11(a). Defendants request the court to allow an extension of time to answer.

Plaintiff cunningly filed his motions for judgment, and attached thereto and buried therein were interrogatories, request for production of documents, requests for admissions, and request for limits of liability insurance coverage. Defendants timely filed answers of denial, but their attorney confesses honestly that he unwittingly neglected to file answers to admissions until more than four and six months later, respectively.

The request for admissions are so skillfully phrased that, if admitted, would automatically guarantee that both defendants are liable for the exact amounts sued for, $250,000.00 and $12,884.96+.

Does the court per Rule 4:11(a) have discretion to extend the time to answer requests for admissions? Yes. "The court may allow ... a shorter or longer time" to answer. There is no certain time limit within the Rule. It could be one day, one year, or longer. It is within the court's discretion. See also Rule 1:9; *Brett v. Brett*, Va. Court of Appeals June 4, 1996, unpublished; *Hatami v. R. K. Chevrolet, Inc.* (Friedman, J.) Law No. CL97-1089, Oct. 20, 1997, Va. Beach Cir. Ct.; and *Erie Ins. Group v. Emert*, 33 Va. Cir. 269 (1994).

Should this court exercise its discretion to allow late (four to six months) filing of answers by defendants to Requests for Admissions? Yes, for the following reasons.

1. These actions are for unliquidated damages and are properly pleaded and denied by defendants. Plaintiff has made negotiated demands for a total of $37,500.00 in both cases, not for $263,000.00+. It would be unfair, a manifest injustice, and unjust enrichment if admissions requests are deemed admitted here.

2. The plaintiff may prove his cases so "the presentation of the merits of the action will be served thereby" and not win by a mere unwitting technicality, default, and attorney's mistake. *Emert, supra.*

3. If the admissions are deemed admitted, an attorney malpractice suit would surely follow the defendants' paying the full amount sued for. This would not well serve the parties, attorneys, nor the judicial system. There would be prejudice to defendants and their attorney.

4. There is no proof of prejudice to plaintiff here. *Emert, supra.*

Therefore, the court will exercise its discretion to allow defendants to file late answers to requests for admissions per Rule 4:11(a).