947 So.2d 623 (2007)
Brent D. KLEIN and Laura M. Klein, Appellants,
v.
Joel W. ROBBINS, as Miami-Dade County Property Appraiser, and Betty Burrell, as Miami-Dade County Tax Collector, Appellees.
No. 3D03-1571.
District Court of Appeal of Florida, Third District.
January 17, 2007.
*624 Spencer & Klein and Thomas R. Spencer, Miami, and Peter H. Leavy, for appellants.
Murray A. Greenberg, Miami-Dade County Attorney and Thomas W. Logue, Assistant Miami-Dade County Attorney, for appellees.
Before COPE, C.J., and FLETCHER, J., and SCHWARTZ, Senior Judge.
FLETCHER, Judge.
Brent D. Klein and Laura M. Klein appeal an adverse summary judgment in this action wherein the Kleins are challenging the year 2001 tax assessment valuation on a newly constructed home. At issue is the status of the home in relation to section 192.042(1), Florida Statutes (2001), which provides:
"Improvements or portions not substantially completed on January 1 shall have no value placed thereon. `Substantially completed' shall mean that the improvement or some self-sufficient unit within it can be used for the purpose for which it was constructed."
Thus, if the Kleins' home was not substantially completed on January 1, 2001 the assessment valuation for that year is to consist solely of the value of their land as if it were vacant.[1] Although the improvement is not taxed under such a circumstance, this is not an exemption from taxation; rather it is a part of the valuation appraisal process. See Sunset Harbour Condo. Ass'n v. Robbins, 914 So.2d 925 (Fla.2005).
The Property Appraiser determined that the home was substantially completed on January 1, 2001, thus he included the value of the improvement in the 2001 assessment valuation. The Kleins appealed the assessment value to the Value Adjustment Board. Having no success before the Board the Kleins filed the instant action against the Property Appraiser. Various issues were raised by the pleadings, but the case has now boiled down to the sole issue of whether the improvement was substantially completed on January 1, 2001.
We have examined the various documents relating to the summary judgment, and even though it was a close call by the trial court there are disputed facts that compel a reversal of the summary judgment. McQueen v. Roye, 785 So.2d 512 (Fla. 3d DCA 2000)(holding trial court is required to deny summary judgment where even the slightest doubt exists regarding the existence of material issues).
Counsel for the Property Appraiser suggests that we should abandon the present standard for summary judgments and adopt a more "modern" standard. Counsel cites for this proposition a Florida Bar *625 Journal article which he co-authored.[2] While the proposition is interesting we must reject it, as indeed we already have. 5G's Car Sales, Inc. v. Florida Dep't of Law Enforcement, 581 So.2d 212 (Fla. 3d DCA 1991).
Thus we reverse the summary judgment and remand the cause to the circuit court for further proceedings.
NOTES
[1] The land was assessed at $274,327. The improvement was assessed at $451,294.
[2] Thomas Logue and Javier Alberto Soto, "Florida Should Adopt the Celotex Standard for Summary Judgments," Florida Bar J. 20 (Feb.2002). A bit audacious to cite oneself, but then as Frederick the Great recommended "L'audace, l'audace, toujours l'audace."