GERSTEN, J.
 

 Raymond Janssen (“the father”) appeals an adverse final summary judgment in favor of Katherine Alicea (“the mother”) in this action to determine paternity. We reverse.
 

 The father and mother, close friends, agreed to have a child together through artificial insemination. The father donated the sperm used for the artificial insemination, and the mother gave birth to a boy. The child’s birth certificate listed the names of both the father and the mother.
 

 Approximately two years later, when the mother moved to California with the child, the father filed this action to establish his paternity. The mother moved for summary judgment. The mother asserted that section 742.14, Florida Statutes (2008), barred the paternity claim because the father was simply a sperm donor. The father contended that section 742.14 did not bar his paternity claim because the parties were “a commissioning couple.” The trial court entered summary judgment in favor of the mother.
 

 On appeal, the father asserts, inter alia, that genuine issues of material fact exist which bar summary judgment. The mother contends that there are no genuine issues of material fact and that she is entitled to judgment pursuant to section 742.14. We agree with the father and reverse.
 

 It is well settled that a party moving for summary judgment has the burden of conclusively showing that there are no genuine issues of material fact.
 
 Moore v. Morris,
 
 475 So.2d 666, 668 (Fla.1985). In considering a motion for summary judgment, the trial court must draw every possible inference in favor of the party against whom summary judgment is sought.
 
 Romero v. All Claims Ins. Repairs, Inc.,
 
 698 So.2d 605 (Fla. 3d DCA 1997). Further, where even the slightest doubt exists on the facts, the trial court should not grant summary judgment.
 
 Klein v. Robbins,
 
 947 So.2d 623 (Fla. 3d DCA 2007).
 

 Section 742.14 provides: “The donor of any egg, sperm, or preembryo, other than the commissioning couple or a father who has executed a preplanned adoption agreement ..., shall relinquish all maternal or paternal rights and obligations with re
 
 *682
 
 spect to the donation or the resulting children.” Section 742.13, Florida Statutes (2008), defines “a commissioning couple” as “the intended mother and father of a child who will be conceived by means of assisted reproductive technology using the eggs or sperm of at least one of the intended parties.”
 

 Here, the parties hotly contested the father’s status under the statutes, and the events leading up to and following the child’s birth. The father alleged that he and the mother together planned for and purposefully conceived the child intending that they both would act as the child’s parents. The father further stated he was actively involved in the mother’s pregnancy and the first two years of the child’s life. Thus, the father claimed to be part of a commissioning couple and exempt from section 742.14.
 

 The mother, on the other hand, alleged that she and her partner planned for and intended to parent the child. According to the mother, the father was simply asked to be a sperm donor, and the father’s subsequent limited contact with the child was at her discretion. The mother, therefore, claimed the father was a sperm donor, and does not fall within the statutory exceptions. Both parties provided factual support for their contrary positions.
 

 In granting summary judgment, the trial court relied in part on
 
 Lamaritata v. Lucas,
 
 823 So.2d 316 (Fla. 2d DCA 2002).
 
 Lamaritata,
 
 however, is distinguishable for two reasons. First, in
 
 Lamaritata,
 
 the donor and the recipient entered into a contract expressly stating that the sperm donor would have no parental rights or obligations. Further, as the
 
 Lamaritata
 
 court stated, “[t]here [were] no facts to show that [the parties had] any type of relationship that would fall under the rubric of ‘couple.’ ” 823 So.2d at 318-19.
 

 Here, the parties do not have a written contract governing their relationship. In fact, the father alleged an oral agreement to co-parent the child. Further, the father claimed the parties are a commissioning couple. We find that it is possible for the court to conclude that the parties are a commissioning couple. However, there are genuine issues of material fact that cannot be determined on summary judgment.
 

 Accordingly, we reverse the final summary judgment, and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.